## YOUNT ET AL. v. STRICKLAND.

APPEAL AND ERROR—HARMLESS ERROR—ADMISSION OF IMMATERIAL EVIDENCE—ASSAULT AND BATTERY—ACTION FOR DAMAGES—EVIDENCE—ADMISSIBILITY—PRIOR CONVERSATIONS BETWEEN THE PARTIES—CONDITION AND APPEARANCE OF PLAINTIFF AFTER THE ASSAULT—CROSS-EXAMINATION—FINDINGS—CONFLICTING EVIDENCE —DAMAGES—PERMANENT INJURY.

1.  In an action for damages for an alleged assault and battery the difficulty appeared to have arisen over the location and attempted construction of an irrigating ditch by one of the defendants across plaintiff's land, and the court admitted considerable evidence appearing to be irrelevant, offered by plaintiff, concerning the location of the lands in the vicinity of the ditch, the roads, fences and ditches in the locality, as well as a map of the locality which was used by the witnesses to explain their testimony as to the location of the ditches, etc., the court remarking that he

regarded such evidence as of little consequence, but would admit it that he might understand the whole situation. *Held,* that while there would have been no error in excluding a large part of such evidence, the defendants were not prejudiced by its admission, since the trial was to the court who was able to disregard the irrelevant testimony.

2. Conversations between the plaintiff and the principal defendant in relation to the location of the ditch that occurred prior to the affray were competent as evidence on the part of the plaintiff as tending to prove whether the assault, if any was made, was the result of a sudden heat of passion, or was premeditated and malicious.

3. A question propounded to the plaintiff on cross-examination inquiring whether he was the same person that had a fight with another, who was named in the question, and bit his finger, was improper and an objection thereto was properly sustained, the question assuming a fact not in evidence that the plaintiff had had a fight with the person named and had bit his finger.

4. Testimony of a witness on behalf of plaintiff as to what she did shortly after the fight between plaintiff and defendant in attending to the plaintiff's injuries, and what she observed as to his condition and appearance at that time and for several days thereafter, was properly admitted as tending to show the character and extent of the injuries, and having a direct bearing upon the amount of damages, if any, that plaintiff was entitled to recover.

5. A cause being tried to the court without a jury, and the evidence being conflicting, the findings stand as the verdict of a jury, and will not be disturbed on error if there is substantial evidence to support the same.

6. In an action for damages for an assault and battery, the sum of $500 allowed as damages in addition to that allowed for loss of time and expenses held not to be excessive, it appearing that one of plaintiff's fingers was permanently injured so that he would forever be deprived of its use.

[Decided May 29, 1909.]                    (101 Pac. 942.)

ERROR to the District Court, Laramie County; HON. RODERICK N. MATSON, Judge.

The action was brought by Charles H. Strickland against Newton D. Yount and Frances Yount, to recover damages for an alleged assault and battery. From a judgment in

favor of the plaintiff, the defendants prosecuted error. The material facts are stated in the opinion.

*Donzelmann, Kinkead & Mentzer,* for plaintiffs in error.

The only questions of fact under the pleadings are: First, did the plaintiffs in error commit the assault as alleged. Second, did they inflict upon the defendant in error the injuries alleged to have been sustained by him and in the manner and form as alleged. Third, were such injuries received while committing an unlawful assault upon the plaintiffs in error or either of them. Fourth, were such injuries inflicted upon the plaintiffs in error, or either of them, while they, or either of them, were defending their person against an unlawful assault made by the defendant in error. Fifth, did plaintiffs in error, or either of them, in defending their person, use excessive force without excuse or justification. If the questions stated are all that were involved then no evidence tending to show the land owned by defendant in error in the locality where the alleged assault took place, or tending to show the location of any laterals owned by any one, or any contract with reference to any lateral, or conversation between the parties with reference to the location of any lateral, could have any relevancy, or tendency to prove the issues presented by the pleadings, and it follows, therefore, that the court erred in admitting the large amount of evidence with reference to those matters. Such errors were prejudicial as permitting matters foreign to the issues to be introduced, and the plaintiffs in error could not have been prepared to meet the same. The presumption always is that error is prejudicial. (U. S. v. Gentry, 119 Fed. 70; Biscuit Co. v. Nowlan, 138 Fed. 6; Williams v. U. S., 158 Fed. 30; Deery v. Gray, 5 Wall. 795.) In all civil cases the plaintiff is required to establish his case by a preponderance of the testimony, and unless he has done that to the satisfaction of the court or jury, the verdict should be for the defendant, but this does not mean that a trial court can arbitrarily ignore all evidence and render a judgment con-

trary to the preponderance. (Watson v. Hastings, 1 Penn. 47; Bell v. McGinnis, 40 O. St. 204; Ellis v. Buzzell, 60 Me. 209; Folson v. Brown, 25 N. H. 114; People v. Evening News, 51 Mich. 11; Jones Ev. Sec. 193; Sampson v. Henry, 11 Pick. 379; Frederic v. Gilbert, 8 Pa. St. 454.) In this case we have the testimony of the defendant in error alone against the testimony of the plaintiffs in error so that clearly the preponderance as to the main facts is with the plaintiffs in error.

A witness may be asked on cross-examination for the purpose of testing his memory concerning other transactions wholly immaterial, except so far as they throw light upon his memory, habits of observance or reliability. (3 Jones Ev. p. 1815.) And a witness may be impeached by proving a statement out of court inconsistent with or contradicting those made by him on the witness stand. (3 Jones Ev. 848.) No provocative acts, conduct, insults, threats or words will justify an assault, no matter how offensive or exasperating, nor will they excuse the wrong doer. (Keiser v. Smith, 71 Ala. 481; Terry v. Eastland, 1 Stew. (Ala.) 156; Matthews v. Terry, 10 Conn. 455; Tatnell v. Courtney, 6 Houst. (Del.) 434; Smith v. Bagwell, 19 Fla. 117; Sax v. Anderson, 12 Ga. 461; 3 Cyc. 1077.) Under the allegations of the petition in connection with the evidence in the case damages in favor of the defendant in error were not warranted in any sum exceeding the amount of his expenses occasioned by his injuries and that which would compensate him for his loss of time, especially as the court found that he was not entitled to punitive damages. In the absence of an allegation claiming damages for mental suffering, the damages in the case should have been limited to those which were purely compensatory. Compensatory damages are those which will compensate the injured party for the injuries sustained and nothing more. They proceed from a sense of natural justice and are designed to repair that of which one has been deprived by the wrong of another. (McKnight v. Denny, 47 Atl. 970; Morgan v. So. Pac. Co., 95 Cal. 501; 2 Words & Phrases, p. 1357.)

The rule of self defense being the same in civil actions as in criminal prosecutions what would justify one who is assailed by another in repelling the assault by force will shield him from damages in civil proceedings. (Baker v. Gausin, 76 Ind. 317; Tucker v. Wallers, 78 Ga. 232; Page v. Smith, 13 Vt. 251.) Where one acts upon appearance of actual and immediate danger, and sincerely believes that he is in danger of suffering great bodily harm, he cannot be held liable in damages for injuries resulting from acts done by him in the proper and reasonable defense of his person. (McNeil v. Mullen, 79 Pac. 169; Darling v. Williams, 35 O. St. 62; Gormolus v. Sausser, 85 N. W. 946; 1 Hawkins Pleas Cr. Sec. 23; 1 Russell on Crimes, 608.) Mayhem may be justified where it is inflicted after several blows have been struck, and the parties are engaged in close conflict. (Cook v. Beal, Lord Raymond, 177; 3 Salkeld, 115; Cockroft v. Smith, 2 Salkeld, 642; Oakes v. Wood, 2 M. & W. 791; Collins v. Renison, Sayer, 138.)

*W. R. Stoll,* for defendant in error.

The questions before the ·trial court were questions of fact merely, and that court had ample opportunity to give to the testimony of each witness the weight which it deserved. It perhaps was not strictly necessary that the map objected to should have been introduced in evidence, but it greatly assisted in explaining the testimony and the use of such an accessory has become quite common.· To be prejudicial, error must be material. It is not the necessity for a particular line of evidence that determines whether or not it is error.

Whether injuries received by the plaintiff below were the result of an excess of force on the part of the defendant as found by the court was a question for the court as· it would have been a question for the jury, and there being sufficient evidence to sustain that finding it will not be disturbed. We submit that no prejudicial error was committed as against the plaintiffs in error in the admission or exclusion of testi-

mony.. The amount of damages allowed are very small and clearly not excessive when the character and permanency of the injuries are considered.

BEARD, JUSTICE.

The defendant in error, who will be referred to as plaintiff in this opinion, brought this action in the district court of Laramie County, against the plaintiffs in error, who will be referred to as the defendants, to recover damages for an alleged assault and battery. The case was tried to the court without a jury, resulting in a judgment in favor of plaintiff and against defendants for $727.75 and costs, and they bring the case here on error.

The district court found the facts to be as follows:

"1. That plaintiff and defendants entered into a fight, probably by mutual consent, and that the court is unable to satisfactorily determine which struck the first blow.

"2. That in said fight the court finds that the defendant, Newton D. Yount, used excess of force in repelling the assault and force used by plaintiff, as hereinafter set forth, and that the defendant, Frances Yount, did aid, abet and assist him therein.

"3. That during the fight which ensued the said defendant, Newton D. Yount, did violently seize the left hand of the plaintiff and with his mouth and teeth did chew, masticate and lacerate one of the fingers of the left hand of the plaintiff, thereby severing the muscles, tendons, arteries and nerves of said finger, and these facts the court finds constitute excess of force; and that the said defendant, Frances Yount, during the said fight, did stand by, aid, abet and assist said defendant, Newton D. Yount, in inflicting upon said plaintiff said injuries by striking the plaintiff, by assisting the defendant, Newton D. Yount, and by holding plaintiff down on the ground while the said defendant, Newton D. Yount, did commit said injuries upon the said plaintiff.

"4. That by reason of the injuries to plaintiff's said finger, as aforesaid, he was made ill, sick and disabled and

unable to attend to his business thereafter, and was compelled to seek medical assistance and obtain medicines and medical attendance; and that the injury to his said finger was of such a nature that the plaintiff has been ever since, and will forever be, unable to use the said finger, the same having become stiff and permanently disabled.

"5. That said defendants are liable to the plaintiff for the injuries to his finger as aforesaid, but that no punitive damages should be allowed.

"6. That the plaintiff is entitled to receive from the defendants, as compensation for the injuries inflicted upon the plaintiff and for the loss of time, expenses incurred and medical attendance and medicines, the sum of $727.75; and that he is entitled to have entered a judgment against the said defendants for said sum, and to have execution therefor."

The difficulty between the parties seems to have arisen over the location and attempted construction of a water ditch or lateral by Newton D. Yount, one of the defendants, over the land of the plaintiff. Aside from the contention that the findings and judgment are not sustained by the evidence and that the judgment is excessive, the chief ground of the complaint is that the court erred in admitting certain evidence introduced by the plaintiff and in refusing to admit certain evidence offered by defendants. The errors assigned in this respect are very numerous, and it would serve no useful purpose and would unduly extend this opinion to notice each separately. The court admitted a large amount of evidence on the part of plaintiff in relation to location of the lands in the vicinity of the ditch over which the difficulty seems to have arisen, and of the roads, fences and water ditches in that locality, which appears to us as being immaterial and irrelevant to the issues except as tending in some degree to explain the cause of the trouble. The same may be said as to the admission in evidence of a map of the locality which was used by the witnesses to explain their testimony in reference to the location of the ditches, etc.

The court allowed both parties great latitude in the introduction of evidence, and several times remarked in substance, when ruling, that he regarded the evidence of little consequence but he would admit it as he desired to understand the whole situation. While there would have been no error in excluding a large part of this evidence, the trial was to the court who was able to sift the wheat from the chaff; and we think the defendants were not prejudiced by its admission. It is also claimed that the court erred in permitting the plaintiff to testify to conversations between himself and Yount, prior to the affray, in relation to the location of the ditch. This evidence was competent as tending to prove whether the assault, if any was made, was the result of a sudden heat of passion or was premeditated and malicious. The plaintiff was asked on cross-examination: "Are you the same Strickland that had a fight with Al Spencer and bit his finger?" To which question an objection was interposed and sustained. The ruling was correct, if for no other reason, because the question assumed the fact that defendant had had a fight with Spencer and bit his finger, a fact not appearing in evidence.

It is further urged that the court erred in permitting Mrs. Paddock, a witness on behalf of the plaintiff, to testify over the objection of the defendant, that shortly after the fight and on the same day she washed the blood from plaintiff's hand and wrapped it up and telephoned for a doctor, and stated what she observed at that time as to other injuries to the plaintiff's head and face, and to his appearance generally at that time, and also stated that for several days thereafter he suffered pain from his injuries. We think the evidence was properly admitted. It tended to show the character and extent of plaintiff's injuries and had a direct bearing upon the amount of damages, if any, that he was entitled to recover. It is earnestly contended that the findings and judgment are not supported by the evidence. The evidence was conflicting and the result of the case necessarily depended upon the question as to which party was telling the

truth. The court evidently believed the plaintiff and disbe-
lieved the defendants. He was the sole judge of the credi-
bility of the witnesses and the weight to be given to their
testimony, and his findings stand as the verdict of a jury and
will not be disturbed where there is substantial evidence in
the record to support it, as is the case here. The injury
to the plaintiff's finger was shown to be permanent, and
we think the amount of damages awarded him was not
excessive. It is apparent from the evidence that the amount
of damages allowed by the court, in addition to those allowed
for loss of time, and expenses, was $500. This we think
is not an unreasonable amount for the loss of the use of
the finger.

From a careful consideration of all of the evidence in the
case we are of the opinion that the record presents no
prejudicial error, and the judgment of the district court
will be affirmed.

*Affirmed.*

POTTER, C. J., and SCOTT, J., concur.