## RUSSELL v. STATE.

### (No. 635.)

INTOXICATING LIQUORS—SALES WITHOUT LICENSE—CORPORATION—SO-
CIAL CLUBS—EMPLOYEE'— INFORMATION — SUFFICIENCY — INSTRUC-
TIONS—EVIDENCE—REBUTTAL—STATUTES—EXCESSIVE PUNISHMENT.

1. Under the statute forbidding any person to sell within the state, directly or indirectly, in person or by agent or employee, 'any intoxicating liquor, without first obtaining a license therefor, and providing that, in case of a violation by any corporation, every officer, agent or employee making, or conniving at any such sale shall be held a person making the sale; *held,* that one who had possession and control of the liquor personally, received the order for it and delivered it to the party, and received the money therefor, is guilty of a violation of the statute, whether he acted for himself or as agent or employee of another person or corporation, if neither he nor his principal had a license; and he may be prosecuted therefor, without alleging that the sale was made by the corporation, or that he was an officer, agent

or employee thereof, and as such made or connived at the sale.

2. The provision of the statute forbidding the sale of liquor without a license, that in case of any violation by a corporation, every officer, agent or employee making, countenancing or conniving at any unlawful sale shall be held a person making such. sale, extends the liability to officers, agents and employees of corporations, who, though not actually or personally making the unlawful sale, in any manner countenance or connive at the same.

3. In a prosecution for selling intoxicating liquor without a license, the defendant sought to show that the sales were made by a social club to members thereof, and introduced the certificate of incorporation of the club, and the membership card which was required to be procured by every person to whom liquor was sold by signing his name in a book; the certificate of incorporation reciting that the object of the club was to promote the diffusion of useful information among the members thereof, to establish and maintain a place of amusement for the members, and to entertain and amuse at such place or places of amusement as may be established by the directors or the members. The premises occupied by the club consisted of a large room containing a bar, back bar, cigar case, a few tables and chairs, and when it was visited by the witnesses there were present in the room some 20 or more persons, drinking liquor, principally beer. The jury were instructed that no club can lawfully sell intoxicating liquors without a license, even to its members, if the selling of such liquors is the principal object of the club; that to be lawful, the club must in good faith be organized for some lawful purpose, other than the sale of intoxicating liquors, in which the dispensing of liquors to its members is merely incidental to such lawful purpose, as part of the entertainment it affords its members; that if the sale of intoxicating liquors is the main object, and the other features merely adopted to create the appearance of a *bona fide* club, such a club would be unlawful, and the sales of intoxicating liquors by it without a license a violation of law. *Held,* that the instruction was as favorable to the defendant as he could. ask, for if the jury found that the sales were made by the defendant as agent of the club, it must have also found by its verdict of guilty that the main object of the club was the sale of intoxicating liquors,

in which case the sale of such liquors without a license would be unlawful within the meaning of the statute.

4. In a prosecution for selling intoxicating liquors without a license, the state must, as a general rule, prove the sale or sales as laid in the information, and no other sale can be proven; but error in admitting evidence of other sales introduced by the prosecution in chief was cured, where the defendant sought to prove that the sales charged were made by him as agent of a club, to members of the club only, for he then raised the issue of the character of the club and the business conducted by it, so that evidence of other sales and the character and manner of conducting the business became material and admissible upon that issue.

5. The defendant in a prosecution for selling intoxicating liquor without a license having attempted to show that he made the sales charged as agent of a club, to club members only. it was not error to admit in rebuttal evidence of other sales than those charged, and describing the club room. for it was admissible upon the issue raised by defendant, and was properly rebuttal.

6. The general rule is that when the plaintiff introduces any evidence in anticipation of a defense, he should then produce all of his evidence on that subject; but the rule is not an arbitrary one, and the court is allowed considerable latitude in the exercise of its discretion in that respect, a reversal in such case being justified only where the discretion appears to have been abused.

7. A fine of $150 for a misdemeanor is neither unusual nor excessive; and because one has violated the statute several times the same day, so that the aggregate of the fines imposed amounts to a considerable sum, does not make the statute providing therefor unconstitutional.

[Decided June 14, 1911.]                    (116 Pac. 451.)

ERROR to the District Court, Sheridan County, HON. RODERICK N. MATSON, Judge.

The plaintiff in error, Walter Russell, was prosecuted and convicted of the offense of selling intoxicating liquors without a license, and brought error. The material facts are stated in the opinion.

*Enterline & LaFleiche,* for plaintiff in error.

A fine of $600 for selling intoxicating liquors to three persons at practically the same time and place is excessive, notwithstanding that the defendant is prosecuted for each sale upon a separate count. The failure of the information to describe the particular place of sale within the county named constitutes a defect for which the information should have been quashed. (Arrington v. Comm., 10 L. R. A. 242.) An information against an officer, agent, or employee of a corporation based upon a sale of intoxicating liquors by such party for the corporation should allege the corporate existence of the company, that the defendant was either an officer, agent or employee thereof, and that in such capacity he either made, or countenanced, or connived at the sale. The information in this case merely charges a violation of the statute by the defendant in his individual capacity, and he could not be properly convicted upon the showing of a sale made by him for the corporation. If this were not so, then it would seem impossible for the defendant to plead his conviction in bar of a prosecution against him as an officer, agent or employee of the corporation. On the face of the record a sale made by the defendant as an employee of a corporation is certainly a different offense than a sale made by him personally. The record and the testimony shows that the prosecution knew of the corporate existence of the Dietz Club. It should therefore have pleaded the existence of that club, and that the defendant, as president of the club, did at the time and place as alleged, make, countenance and connive at the sale charged. The first of the section applies only to an individual violating the law in the first instance, and he is made responsible, even though he made the sale by an employee or agent. It is evident that the legislature did not intend to punish the agent or employee of an individual at all, but in the latter part of the section the intention appears to punish an officer, agent, or employee of a corporation when the unlawful sale is made in such capacity. If we are not

correct in this contention, then the court committed preju-
dicial error in giving the 9th instruction, which was excepted
to by the defendant, for the reason that if the state was not
required to allege the corporate existence of the club and
the defendant's official relation thereto, then it was wholly
immaterial for what purpose the club was organized, or
whether its principal business was dispensing liquors to
members, or whether that was a mere incident to the pur-
pose for which the club was created.

It was error to admit in rebuttal testimony introduced by
the state over objection to show the character of the club
and sales of liquor made by it. (1) By that testimony
it was sought to establish the kind and character of the
Dietz Club, and the purpose for which it was organized,
with no proper averment in the information. (2) It sought
to rebut a presumption created by the introduction in evi-
dence of the certificate of incorporation of the club. How
could the state be permitted to go into this matter of re-
buttal if the articles of incorporation were irrelevant and
immaterial? It was highly prejudicial to permit evidence
showing sales of liquor at the club at other times and to
other persons than those named in the information. As
in other cases before the court we contend that the state
should not be permitted to segregate one offense into several
counts, for all of the sales together at or about the same
time would constitute an engaging in the business of selling
intoxicating liquors. The testimony offered in rebuttal,
therefore, as well as in chief would have been competent
and relevant only to show one offense. (Fields v. Terr., 1
Wyo. 78.) The state having elected to charge the defend-
ant with four separate and distinct offenses, all occurring on
the same day, its proof should have been limited to the
particular sales specified in the information. (State v.
Hughes, 45 Pac. 94.) The burden of proof at no time
rested upon the defendant. (Trumble v. Terr., 3 Wyo.
280; State v. Neild, 45 Pac. 623.) There was no proper
instruction given whereby the jury was admonished not

to consider the evidence that had been admitted of other sales than those specified in the information. It must therefore be presumed that the jury took such testimony into consideration. (Naul v. State, 12 So. 903; Ware v. State, 13 So. 936; State v. Marshall, 44 Pac. 49.) In the cases cited a verdict of conviction was set aside and the judgment reversed for the reason that evidence as to other sales than those charged was admitted.

*D. A. Preston,* Attorney General, and *Charles A. Kutcher,* for the state.

It is urged by counsel for plaintiff in error in this case, as it was in the Vines case, that all of the sales set forth in the information constitute but one continuous offense, and that it was improper to segregate the same into several counts; and it is urged that the fine of $600 is excessive and a cruel and unusual punishment within the meaning of the constitution. It is a sufficient answer to these arguments to say that no other statute can be found which fixes so low a punishment as that named in our statute. The penalty usually prescribed for this offense is a heavy fine coupled with imprisonment for each and every offense. In view of statutes of other states it is manifest that our statute is exceedingly lenient in the matter of the penalty. So that if the penalty prescribed by the statute throws any light upon the legislative intent as to whether each sale constitutes an offense or several sales but one continuous offense, the amount of the penalty prescribed would seem to indicate that each sale was intended to be deemed a separate offense. The point that the information should have alleged the corporate existence of the club and the official capacity in which the defendant made the sales is not well taken. It is not the law that the defendant could not have shown that the Dietz Club had a license authorizing it to sell the liquors. It is well settled that where the principal has a license, it is ample protection to his agents and employees engaged in the business. (Bishop on Stat.

Crimes, Secs. 1024, 1004; 23 Cyc. 248, 205; Black on Intox. Liq., Secs. 372, 507.) It is argued that an agent or employee is not amenable to the law forbidding the sale of liquor without a license. The statute cannot be so construed. It forbids the sale by any person in any capacity without a license. In reference to a corporation, it is manifest that the legislature intended to cover by the provision found in the section every shift and device that might be resorted to for the purpose of evading the law. By providing that in case of a violation by a corporation, every officer, agent or employee making the sale shall be deemed a person making the sale means that he may be indicted as principal without regard to the corporation in whose behalf the sale was made. (Bishop on Stat. Crimes, Sec. 1024; People v. Soule (Mich.), 41 N. W. 908; People v. DeGroot (Mich.), 69 N. W. 248; State v. Christian (Ore.), 23 Pac. 963; Sothman v. State (Neb.), 92 N. W. 303.) The rule is uniform and well settled that it is incumbent upon a defendant to produce a license where the sale is made on his own behalf, or to produce the license of his principal where he makes the sale as agent or employee of some other person or corporation. The statute has in no manner changed the common law rule with reference to accessories and aiders and abettors of misdemeanors.

In the case at bar there is no evidence whatever that the Dietz Club owned the liquor in question, or that the defendant did, in fact, act as an officer or agent of the club in making the sales of the liquor charged. For ought that the evidence shows, the defendant might have been an officer or agent of the club for certain purposes, but not to sell intoxicating liquors. The defendant may have owned the liquors himself, so far as anything is disclosed by the evidence in that respect. It will be noted that after the state proved the particular sales alleged in the information and rested its case, the defendant then introduced in evidence the articles of incorporation of the Dietz Club, and a card issued by it to the witness Benefiel, and offered no

other proof.. What were these articles offered in evidence for? Did they constitute a sufficient defense as to the charges set forth in the information, or were they intro-duced for the purpose of showing that the sales in question were made by the defendant while acting as an officer or agent of an incorporated club, for the purpose of raising the issue that the sales were made by a club organized for a purpose and in such a manner as would permit it to sell liquors without a license? That the latter purpose was the object of the evidence is quite apparent from an examina-tion of the articles of incorporation. If the state was not required, in the first instance, to show that the sale was not made to one of its members, the introduction of the articles of incorporation apparently raised the issue, and if the usual presumptions were indulged in as to the inno-cence of the defendant and the legality of the club so or-ganized, the burden of proof was then placed upon the state to prove beyond a reasonable doubt that the club was a mere device for evading the law, and that the sales made by the defendant therein were illegal. In proving that issue it was clearly competent for the state in rebuttal to show the character of the club, its contents, its furni-ture, fixtures and general equipment, in order to determine whether or not it was a *bona fide* club, or merely an institu-tion run in guise of a club; and also competent to show what was done there; what was kept for sale, and the in-discriminate sales of liquor therein. We do not contend that the evidence of other sales was admissible to prove the sales alleged in the information, but only that such evidence was admissible together with other evidence as to the character of the club, to show the club's real char-acter and purpose. And the authorities sustain the right to prove other sales than those alleged in order to prove the real purpose of the sale, or to prove that a club is illegal where it appears that the sale in question was made in a club. (Black on Intox. Liq., Sec. 528; 23 Cyc. 270, 278.)

BEARD, CHIEF JUSTICE.

In this case the plaintiff in error, Walter Russell, was charged with the crime of selling intoxicating liquor without a license therefor. The information is in four counts charging four separate sales of whiskey. The cause was tried to a jury, and a verdict of guilty on each count was returned, and the defendant (plaintiff in error) was fined in the sum of one hundred and fifty dollars on each count, and he brings error.

The information in this case is in the same form, and the record is in the same condition as in the case of James Vines v. State, just decided, which is referred to for our conclusions on the motion to strike the bill of exceptions from the record, and the sufficiency of the information. In the present case it is contended that the evidence shows that the alleged sales were made by the Dietz Club, a corporation, and that as the defendant is charged individually and not as agent or employee, the evidence is insufficient to establish the charges contained in the information. The defendant was prosecuted under the provisions of the statute which declares that "No person or persons within the state, directly or indirectly, in person or by agent or employee shall vend, sell, barter or dispose of for any pecuniary advantage, any spirituous, malt, fermented or intoxicating liquors or wine without first obtaining a license therefor as provided in this chapter. Every person who shall violate any provisions of this section shall be fined in the sum of one hundred and fifty dollars, together with the costs of suit, for each and every offense, and shall be confined in the county jail until such fine is paid, or until otherwise discharged according to law. In case of any violation hereof by any corporation, every officer, agent or employee making, or in any way countenancing or conniving at any sale or sales in violation hereof shall be deemed and held a person making such sale or sales liable to the pains and penalties herein imposed." (Sec. 2832, Comp. Stat.) This contention is based upon the language contained in the last sentence above quoted; and it is argued that the information in

such case must charge the sales to have been made by the corporation, and that the defendant was an officer, agent or employee of the corporation and made, countenanced or connived at such sales. But we do not agree with that contention. In the case at bar, the defendant had the possession and control of the liquor, personally received the orders therefor, delivered it to the parties and received the money therefor; and in such case it makes no difference whether he acted for himself or as agent or employee of another person or corporation, if neither he nor his principal had a license. If his principal had a license that would protect him in making the sales as agent; but if not, then both were equally liable, if the sales were unlawful, and might be jointly or severally prosecuted. (2 McClain's Crim. Law, Sec. 1239; Bishop on Statutory Crimes (3rd Ed.), Sec. 1024; Woollen and Thornton on Law of Intoxicating Liquors, Sec. 339; 23 Cyc. 206.) The provisions of the statute above quoted extend the liability to officers, agents and employees of corporations who though not actually or personally making the unlawful sale, in any manner countenance or connive at the same. Whether or not such officer, agent or employee not personally making the sale should be so charged is not involved in the present case. The defendant sought to show by cross-examination of the witnesses who testified to the several purchases of whiskey charged in the information, that they purchased the same from the Dietz Club; that they were members of the club, and that they could not procure the liquor from the defendant until they joined the club, which, according to their testimony, consisted of signing their names in a book and receiving a membership card. The only evidence offered by the defendant was the certificate of incorporation of the Dietz Club and the membership card. The certificate of incorporation states the objects and purposes of the club to be, "To promote the diffusion of useful information among the members thereof. To establish and maintain a place of amusement for the members thereof and to entertain and amuse at such place or places of amuse-

ment as may be established by the board of directors of said corporation, the members thereof." The theory of the defendant being, that if the sales were by the club they should have been so charged, and that defendant was an officer, agent or employee thereof; and further, that the case comes within those decisions holding that social clubs organized for lawful purposes and where the dispensing of intoxicating liquors to members only, is a mere incident to the real objects and purposes of the club and the business conducted by it, that such transaction does not constitute a sale within the meaning of the statute prohibiting sales wihout a license. The first of these propositions we have already answered. The social club theory seems to have been the one upon which the case was tried and submitted to the jury. The court instructed the jury as follows: "You are instructed that no club can lawfully sell intoxicating liquors without a license, even to its members, if the selling of such liquors is the principal object of the club. To be lawful the club must in good faith be organized for some lawful purpose other than the sale of intoxicating liquors, in which the dispensing of liquors to its members is merely incidental to such lawful purpose, as part of the entertainment it affords its members. If the sale of intoxicating liquors is really the main object, and the other features of the club are merely adopted to create the appearance of a *bona fide* club, such a club would be unlawful and the sales of intoxicating liquor by it without a license would be a violation of law." This instruction was favorable to the defendant; for, if the jury found from the evidence that the sales were made by the defendant as agent of the club, it must also have found, under the instruction, that the main object of the club was the sale of intoxicating liquors. The real objects and purposes of the club are to be determined not from the statement of those objects and purposes contained in its certificate of incorporation alone, but also from the business in which it is actually engaged and the manner in which it is conducted. In this case the evidence is to the effect that the premises occupied by the club consisted of a

large room, in which were a bar, back bar, cigar case, a few tables and some chairs. And at the time it was visited by the witnesses there were present in the room some twenty or more persons drinking liquor, principally beer. The question of the main objects of the club was submitted to the jury, and it having found, as it must have found under the instruction given, in order to convict the defendant, that the main object was to sell intoxicating liquors, it cannot be held that the furnishing of whiskey to the persons named in the information, and as testified to by the witnesses, did not constitute "sales" within the meaning of the statute.

It is also contended that the court erred in admitting evidence of other sales of liquor in the club room and to other persons than those charged in the information. The information charged four separate sales to particular individuals. In such case the general rule is that the prosecution must prove the sales as laid in the information, and as that sale is the issue raised, no other sale can be proven. (2 Woollen and Thornton on Law of Intoxicating Liquors, Sec. 931, and cases cited in notes.) We think the court erred in admitting evidence in plaintiff's case in chief of other sales than those charged. But when the defendant sought to prove that the sales charged were made by the defendant as agent of the club, to members of the club only, and that the transactions were merely the distribution of liquors among its members, and not "sales" within the meaning of the statute, he then raised the issue as to the character of the club and the business conducted by it; and evidence of other sales, the kind of business in which it was engaged and the manner in which it was conducted became material and was admissible on that issue, and cured the error in admitting such evidence in the first instance. It is also contended that the court erred in admitting on rebuttal further evidence of other sales and description of the club room. This evidence was properly rebuttal, and could have been properly excluded only on the ground that the prosecutor had anticipated the defense by the intro-

duction of evidence to the same effect in the case in chief. The general rule is, that if the plaintiff sees fit to call any evidence in anticipation of a defense, he should be required to then produce all of his evidence on that subject, and should not be allowed to split his evidence in two parts and to give one part in chief and the other in rebuttal. Orderly procedure in the trial would require this. However, the rule is not an arbitrary one, and the trial court is allowed considerable latitude in the exercise of its discretion in that respect. (3 Wigmore on Evidence, Sec. 1873; Fitzpatrick v. Papa, 89 Ind. 17; Dugan v. Anderson, 36 Md. 567.) Professor Wigmore, in the section above cited, says: "In general, such discretionary variations should be liberally dealt with; for nothing can be more irrational or more unjust than to apply the judicial lash of a new trial to errors of trivial importance." We do not think the record presents such an abuse of discretion in admitting the evidence as to constitute grounds for a reversal.

It is also claimed that the statute imposes an excessive penalty and is therefore unconstitutional. But a fine of one hundred and fifty dollars for a misdemeanor is neither unusual nor excessive; and because one has violated the statute several times on the same day, and because the aggregate of the fines amounts to a considerable sum does not make the punishment excessive.

We find no substantial error in the record, and the judgment will, therefore, be affirmed.

*Affirmed.*

SCOTT, J., and POTTER, J., concur.