**John J. FEENEY, Appellant (Defendant),**

v.

**STATE of Wyoming, Appellee (Plaintiff).**

**No. 85–200.**

Supreme Court of Wyoming.

March 3, 1986.

Bernard E. Cole of Cole & Moench, Cheyenne, for appellant.

A.G. McClintock, Atty. Gen., Gerald A. Stack, Deputy Atty. Gen., John W. Renneisen, Sr. Asst. Atty. Gen., Cheyenne and Elizabeth R. Walsh, Asst. Albany Co. Atty., Laramie, for appellee.

Before THOMAS, C.J., and BROWN, CARDINE, URBIGKIT and MACY, JJ.

URBIGKIT, Justice.

Appellant claims prejudicial error occurred during his trial before a judge on charges of driving while under the influence of alcoholic beverages. Evidence of his refusal to submit to a sobriety test was inadvertently introduced, and appellant moved for a mistrial. The trial judge stated that she would disregard the inadmissible evidence, denied the motion for mistrial, and convicted the appellant.

We will affirm.

This appeal presents one primary question:

Did the trial court commit prejudicial error in denying a motion for a mistrial when, in a trial to the court, questionable evidence was elicited and later stricken?

On the night of January 16, 1985, Albany County sheriff's officers received a phone call regarding a vehicle which was supposedly transporting an injured person from Centennial to Laramie. Three officers responded to the call, and observed appellant Feeney's vehicle traveling at a high rate of speed. The officers stopped Feeney, and detected a strong smell of alcohol on his breath. As Feeney stepped out of the pickup, the officers observed that he stumbled and was unsteady, was swaying back and forth, and was having difficulty speaking in complete sentences. Because it was an extremely cold and windy night, officers waited to administer a sobriety test until they had returned to Laramie. Feeney was then advised of his Miranda rights and was placed under arrest.

After the arrest, Feeney was taken to Laramie, where he refused to take a sobriety test on the basis that he was already under arrest. At his trial before a county court judge on charges of driving while under the influence of alcohol pursuant to § 31–5–233, W.S.1977 (1984 Replacement), evidence that Feeney refused the test was revealed by one of the State's witnesses. Feeney's lawyer objected and moved for a mistrial. Similar evidence was also introduced in defendant's examination by his own counsel. The trial judge announced that she would disregard the questioned evidence, denied the motion for a mistrial and found the defendant guilty of driving while under the influence. The district court affirmed the county court as we now do.

Appellant's brief fails to cite any Wyoming cases which would support his appeal by some sufficient legal principle. We have on numerous occasions reaffirmed our support for the general rule that

" * * * where there is sufficient competent evidence to sustain a finding in a case tried by the court without a jury, admission or exclusion of incompetent evidence is not a ground for reversal." *Herman v. Speed King Manufacturing Company*, Wyo., 675 P.2d 1271, 1279 (1984).

See also *In Re Shreve*, Wyo., 432 P.2d 271 at 273 (1967); *Arnold v. Jennings*, 75 Wyo. 463, 296 P.2d 989 (1956); *Macy v. Billings*, 74 Wyo. 404, 289 P.2d 422 (1955); *Miracle v. Barker*, 59 Wyo. 92, 136 P.2d 678 (1943); *Alaska Development Co. v. Brannan*, 40 Wyo. 106, 275 P. 115 (1929).

On appeal it is presumed, in cases tried by a court without a jury, that the court in reaching its decision disregarded improperly admitted evidence unless the record affirmatively shows that the trial court's decision was influenced by improperly admitted evidence.[1] *X v. Y*, Wyo., 482 P.2d 688 (1971).

The reason behind the rule is amply explained in *Yount v. Strickland*, 17 Wyo. 526, 101 P. 942, 944 (1909), which held that, since a trial judge can "sift the wheat from the chaff," in a case tried by a court without a jury, the admission of incompetent evidence is not presumed to be prejudicial. *Cooley v. Frank*, 68 Wyo. 436, 235 P.2d 446 (1951); *Russell v. Curran*, 66 Wyo. 173, 206 P.2d 1159 (1949); *Williams v. Yocum*, 37 Wyo. 432, 263 P. 607 (1928).

This is the general rule as also expressed in 5 C.J.S. Appeal and Error § 1564(5), and 5A C.J.S. Appeal and Error § 1728.

Thus, the rule presumes that the judge will disregard the inadmissible evidence in making a decision. In this case, the trial judge even acknowledged on the record that the evidence that appellant refused to take a field sobriety test would be disregarded when making a decision. There is sufficient evidence in the record absent the evidence that Feeney refused the test for proper conviction of driving while under the influence, and therefore no error was committed. *Herman v. Speed King Manufacturing Company*, supra.[2]

### ERROR CURED BY DEFENDANT'S TESTIMONY

The State correctly points out that if error did occur when evidence that Feeney refused to take a sobriety test was admitted, then the error was cured when Feeney also testified to the same effect during his direct examination.

Here, again, Wyoming follows the general rule that:

"Error in admitting evidence which has been presented by or on behalf of one party is cured where practically the same evidence or evidence having essentially

---

1. We neither consider nor decide admissibility of the evidence of refusal to take the sobriety test after arrest in accordance with the implied-consent law, § 31–6–101, et seq., W.S.1977 (1984 Replacement), and for the same reason do not undertake the constitutional inquiry raised by the Fifth Amendment question.

2. We will not pursue the academic inquiry as to what occurs (or what it means) if the court in a nonjury trial should declare a mistrial for his improper admission of evidence.

the same probative effect is afterward introduced by the adverse or objecting party or is elicited on cross examination or redirect examination." 5A C.J.S. Appeal and Error § 1735(b).

In *Mullin v. State,* Wyo. 505 P.2d 305 (1973), this court held that, if an error was made in admitting into evidence defendant's statement to the police, the error was harmless where defendant later testified on direct examination to all pertinent matters in the statement. See also *Russell v. State,* 19 Wyo. 272, 116 P. 451 (1911).

In defendant's trial on charges of rape in *State v. Holm,* 67 Wyo. 360, 224 P.2d 500 (1950), Justice Blume wrote:

"* * * We are inclined to believe that the testimony related to a detail of the offense and the testimony should have been stricken. But it does not follow that the error was prejudicial. [Citations.] The evidence in this case is unanimous, including the testimony of the defendant himself, that three boys actually took out the complainant on the evening of July 28, 1948, the time of the alleged offense herein. So we cannot see how the error of the court could have been prejudicial." 224 P.2d at 502–503.

In *Brown v. Wyoming Butane Gas Co., Inc.,* 66 Wyo. 67, 205 P.2d 116 (1949), we said:

"Evidence of the alleged custom was, under the circumstances shown by the record, quite immaterial. However, both parties without objection submitted evidence in regard to the matter. The error if error there was, was harmless." 205 P.2d at 123.

During Feeney's direct examination by his attorney, the following dialogue occurred:

"Q. Did you have any difficult time in communicating or speaking to the officers in any way?

"A. None at all really. There wasn't a whole lot of words talked. Except at the police station, when he asked me to do a sobriety test which I said, you already arrest me and I won't do it."

Consequently, any contended error in the evidence admission by the State would be absolved by the subsequent introduction of the similar testimony by defendant.

We conclude that the trial court correctly disregarded the questioned evidence in announcing that that testimony would not be considered. There was sufficient evidence introduced to support the conviction, and the defendant cured any error by his presentation of the evidence which he had earlier claimed to be inadmissible. We need not reach the Fifth Amendment question raised by appellant in his brief in affirming the conviction. *Chicago & Northwestern Ry. Co. v. City of Riverton, Fremont County,* 70 Wyo. 84, 247 P.2d 660 (1952).

Affirmed.