John M. GAILEY, Appellant (Defendant),

v.

The STATE of Wyoming, Appellee (Plaintiff).

No. 93–159.

Supreme Court of Wyoming.

Oct. 12, 1994.

Leonard D. Munker, State Public Defender; Gerald M. Gallivan, Director, Defender Aid Program; and Shawna M. Mackey, Student Intern., for appellant.

Joseph B. Meyer, Atty. Gen., Sylvia L. Hackl, Deputy Atty. Gen., D. Michael Pauling, Sr. Asst. Atty. Gen., Mary Beth Wolff, Asst. Atty. Gen., Theodore E. Lauer, Director, Prosecution Assistance Program; and Melissa E. Westby, Student Intern, for appellee.

Before GOLDEN, C.J., and THOMAS, CARDINE,* MACY,** and TAYLOR, JJ.

---

* Retired July 6, 1994.

** Chief Justice at time of oral argument.

TAYLOR, Justice.

In this appeal, appellant challenges the admission of statements, or "unsworn narrative testimony," offered by the State of Wyoming during appellant's second probation revocation hearing. Appellant contends the revocation proceeding was flawed because he was not provided notice of the challenged statements and was denied an opportunity to confront the statements. Appellant also claims the district court judge was prejudiced by "unsworn narrative testimony" regarding matters not enumerated in the petition to revoke probation. Finally, appellant avers that it is bad policy to allow "unsworn narrative testimony" during revocation proceedings.

We affirm.

## I. ISSUES

Appellant presents the following issue for our review:

The trial court erred in allowing unsworn narrative testimony by the assistant district attorney during the revocation phase of a probation revocation proceeding without prior disclosure and without providing Mr. Gailey an opportunity to confront the adverse testimony.

The State presents the issue as:

Did the district court err in revoking appellant's probation and sentencing appellant to prison after the attorney for the state made a dispositional statement to the court setting forth matters not included in the petition to revoke probation?

## II. FACTS

On April 15, 1991, John M. Gailey (Gailey) pled guilty to one count of destruction of property. The district court deferred sentencing and placed Gailey on probation for a period of five years. Probation conditions included payment of restitution. On September 27, 1991, Gailey admitted that he violated the terms of his probation when he engaged in criminal activities in Arizona. Gailey's probation was revoked and he was sentenced to eighteen to thirty-six months in the Wyoming State Penitentiary, with a recommenda-

tion that he be sent to the Wyoming Honor Conservation Camp (boot camp). Upon release from boot camp, Gailey was again placed on probation.

On March 15, 1993, the State again petitioned for revocation of Gailey's probation. The affidavit appended to the petition to revoke probation alleged three violations of probation: reckless driving, resisting arrest and unlawful entry. At a hearing, Gailey admitted to reckless driving and unlawful entry. Following Gailey's admissions, the State, in response to the district court's inquiry, asked that the original sentence for destruction of property be imposed.

The district court questioned Gailey regarding a previous outstanding bench warrant for failure to appear to suggest a restitution plan. The district court also inquired about Gailey's current employment and his ability to begin payment of restitution. Gailey requested his probation be extended or reinstated so that he could continue to work and pay restitution. The State again requested that the original sentence be imposed, citing Gailey's failure to pay restitution; his criminal activities in Arizona which led to his October 1991 probation revocation; and his current probation violations leading to the present petition to revoke probation.

Defense counsel objected to the district court's consideration of allegations and statements made by the State which were not included in the petition to revoke probation. When questioned by the district court as to "[w]hat allegations," Gailey's counsel responded, "[f]ailure to make restitution, failure to appear." The district court stated that its deliberations would be limited to only those violations alleged in the petition to revoke probation.

The district court found that Gailey had not reformed after boot camp. The district court also expressed disbelief in Gailey's explanation of the unlawful entry incident. The district court revoked Gailey's probation and sentenced him to serve eighteen to thirty-six months at the Wyoming State Penitentiary, with credit for time served at boot camp.

## III. DISCUSSION

■ A district court's decision to revoke probation and impose a sentence is discretionary and will not be disturbed unless the record shows a clear abuse of discretion. *Kupec v. State*, 835 P.2d 359, 362 (Wyo.1992); *Swackhammer v. State*, 808 P.2d 219, 224 (Wyo.1991). In a general judicial setting,

> [a] court does not abuse its discretion unless it acts in a manner which exceeds the bounds of reason under the circumstances. In determining whether there has been an abuse of discretion, the ultimate issue is whether or not the court could reasonably conclude as it did.

*Martinez v. State*, 611 P.2d 831, 838 (Wyo. 1980). This court has discussed at length the discretionary nature of probation revocation hearings in *Minchew v. State*, 685 P.2d 30, 32–33 (Wyo.1984) and *Ketcham v. State*, 618 P.2d 1356, 1359–60 (Wyo.1980). We summarize those discussions by noting:

> "All that is essential is the court's conscientious judgment after hearing the facts that the violation has occurred. This should not be an arbitrary action and should include a consideration of both the reasons underlying the original impositions of conditions, the violation of these, and the reasons leading to such violation."

*Minchew*, 685 P.2d at 32 (*quoting State v. Reisch*, 491 P.2d 1254, 1255 (Wyo.1971)). *See also, Krow v. State*, 840 P.2d 261, 264 (Wyo. 1992) and *Wlodarczyk v. State*, 836 P.2d 279, 293–94 (Wyo.1992).

■ Probation revocation procedures are governed by the Fourteenth Amendment right to due process and by Wyoming statutory and case law. *Mason v. State*, 631 P.2d 1051, 1055 (Wyo.1981). In *Mason*, 631 P.2d at 1055, this court established a two-part probation revocation procedure based on the United States Supreme Court's rulings in *Morrissey v. Brewer*, 408 U.S. 471, 488–89, 92 S.Ct. 2593, 2603–04, 33 L.Ed.2d 484 (1972) (due process in parole revocation procedures) and *Gagnon v. Scarpelli*, 411 U.S. 778, 782, 791, 93 S.Ct. 1756, 1760, 1764, 36 L.Ed.2d 656 (1973) (applying *Morrissey* to probation revocation procedures).

■ The adjudicatory phase of a probation revocation proceeding requires the district court to determine whether the probation agreement has been violated. This determination must be based on verified facts and must be made pursuant to due process protections, including written notice of the claimed violations, the right to call witnesses and the right to confront and cross-examine adverse witnesses. *Mason*, 631 P.2d at 1055; W.R.Cr.P. 39. Constitutional due process requirements (*see* Wyo. Const. art. 1, § 10, right of accused to defend) and the Wyoming Rules of Evidence (including W.R.E. 603, Oath or affirmation) apply during this portion of the procedure. W.R.E. 1101.

W.R.Cr.P. 39(a) provides, in pertinent part:

> (4) Plea.—The probationer shall be given a copy of the petition for revocation of probation before being called upon to plead. The probationer shall be called upon to admit or deny the allegations of the petition for revocation. *If the probationer admits the allegations of the petition, the court may proceed immediately to disposition,* or may set a future date for disposition. * * *
>
> * * * * * *
>
> (5) Hearing.—At the hearing upon the petition for revocation of probation, the state must establish the violation of the conditions of probation alleged in the petition by a preponderance of the evidence.
>
> (A) The probationer shall have the right to appear in person and by counsel, and to confront and examine adverse witnesses.
>
> (B) *The Wyoming Rules of Evidence shall apply to the adjudicative phase of the probation revocation hearings, but not to the dispositional stage.*

(Emphasis added.) If no violation is found, the procedure ends here.

■ The dispositional phase of the revocation proceeding determines whether, in light of a proven violation, probation should be revoked. *Mason*, 631 P.2d at 1055. This portion of the proceeding is excluded from the rules of evidence. W.R.E. 1101(b)(3). While general due process protections contin-

ue to attach during this phase, " '[t]he sufficiency of the evidence to sustain an order revoking probation is a matter within the sound discretion of the trial court.' " *Minchew*, 685 P.2d at 32 (*quoting Ketcham*, 618 P.2d at 1359). A conscientious judgment after hearing the facts is adequate. *Krow*, 840 P.2d at 264.

Gailey complains of statements made by the State during the May 7, 1993 probation revocation hearing. The challenged statements include Gailey's failure to fulfill his restitution obligation, his failure to appear after boot camp to offer a restitution plan, and his activities that led to the 1991 probation revocation. Gailey labels these statements as "unsworn narrative testimony," and contends he was denied fair notice of the allegations implied by the statements. The State made these statements after Gailey admitted to probation violations involving reckless driving and unlawful entry, but before the district court actually stated it was "pass[ing] on to the dispositional phase."

■ Due process, as it applies to probation revocation proceedings, requires that the probationer receive written notice of the claimed violations. *Mason*, 631 P.2d at 1055. "Notice" means advice or warning, "in more or less formal shape," intended to advise a person of some proceeding involving his interests. *Black's Law Dictionary* 1061 (6th ed. 1990). In probation revocation proceedings, notice pertains to the charges regarding a violation of the conditions of probation, not to matters discussed during a dispositional phase. W.R.Cr.P. 39(a)(4).

■ When a probationer admits to the allegations stated in a petition for revocation, the district court does not have to consider allegations of other misconduct, including any misconduct suggested by "unsworn testimony." *Wlodarczyk*, 836 P.2d at 294–95. In *Wlodarczyk*, this court upheld a district court's finding of a probation violation when the state, during the revocation hearing, expressed concern that Wlodarczyk was "out of control," an allegation not included in the state's petition for revocation. *Id.* at 282. Wlodarczyk admitted to the allegations of violation stated in the petition to revoke probation, but claimed he was not properly apprised of the grounds on which his revocation was based. *Id.* at 281, 282–83 n. 4. This court ruled that Wlodarczyk's admission to the stated allegations verified that a violation of the probation agreement had occurred, even though other allegations of misconduct were reviewed without prior notice. *Id.* at 294.

■ Gailey was notified of the allegations that he had committed the offenses of reckless driving, resisting arrest and unlawful entry. *See* W.R.Cr.P. 39(a). Gailey admitted to two of the allegations asserted in the petition to revoke his probation. There was no need for the district court to consider other allegations, "unsworn" or otherwise, in its finding that Gailey violated his probation agreement. *Wlodarczyk*, 836 P.2d at 294. Gailey's admissions justified a finding "without regard for the unnoticed events * * *." *Id.* at 295. The district court properly determined that the probation agreement had been violated.

Gailey's concern regarding notice, however, seems to be directed at the dispositional phase of his revocation hearing. Gailey hints that had he known other topics would be discussed during disposition besides the allegations in the petition, he would have been better prepared to discuss resentencing. The dispositional information was contained in Gailey's court file and available to him prior to the revocation hearing. After Gailey's counsel objected to the State's comments regarding unnoticed events, Gailey was given the opportunity to request a postponement of the dispositional phase for a week. Counsel for Gailey declined a postponement. Gailey was afforded the opportunity to present argument on his behalf, which he did. Gailey had adequate notice of any dispositional matters before the district court.

■ Gailey argues that the district court might have been prejudiced by the statements regarding his unpaid restitution. On appeal, this court presumes, in cases tried without a jury, "that the court in reaching its decision disregarded improperly admitted evidence unless the record affirmatively shows that the trial court's decision was influenced

by improperly admitted evidence." *Feeney v. State,* 714 P.2d 1229, 1230 (Wyo.1986).

██ Gailey's admission provided sufficient evidence that he had violated his probation. The district court acknowledged that it had read Gailey's court file, but also stated that it would only consider the allegations made in the petition for revocation. In a trial to the court where there is sufficient evidence to sustain a finding, the admission or exclusion of incompetent evidence are not grounds for reversal. *Feeney,* 714 P.2d at 1230. *See also Herman v. Speed King Mfg. Co.,* 675 P.2d 1271, 1279 (Wyo.1984) and *In re Shreve,* 432 P.2d 271, 273 (Wyo.1967). We will not acquiesce to Gailey's implication that the district court was unable to " 'sift the wheat from the chaff' * * *." *Feeney,* 714 P.2d at 1230 (*quoting Yount v. Strickland,* 17 Wyo. 526, 533, 101 P. 942, 944 (1909)).

Finally, Gailey argues that allowing "unsworn narrative testimony" during probation revocation proceedings results in bad policy. Gailey offers no authority for this broad pronouncement. Therefore, we need not address this issue. The purpose of probation is rehabilitation without confinement and the protection of the public. 24 C.J.S. *Criminal Law* § 1550 at 141 (1989). This court said in *Minchew* that "[t]he granting of probation is addressed to the discretion of the trial court and is an act of grace, of clemency." *Minchew,* 685 P.2d at 33. The record on appeal indicates that Gailey has abused two opportunities for such grace.

## IV. CONCLUSION

Decisions to grant or revoke probation are made upon the sentencing court's "own judgment of the defendant's potential." *Smith v. State,* 598 P.2d 1389, 1391 (Wyo.1979).

A probation revocation hearing is not a trial on a new criminal charge. It is simply an extension of the sentencing procedure resulting from conviction of the basic charge, coupled with the requirement that the probationer be afforded due process of law before being deprived of the conditional right to liberty granted by probation. *Minchew,* 685 P.2d at 31. The district court did not abuse its discretion by revoking Gailey's probation.

The order revoking Gailey's probation and imposing sentence is affirmed.