**Virgil R. COUNTS, Appellant (Defendant),**

v.

**The STATE of Wyoming, Appellee (Plaintiff).**

**No. 94–174.**

Supreme Court of Wyoming.

July 25, 1995.

Leonard D. Munker, State Public Defender; Gerald M. Gallivan, Director, Defender Aid Program; Stephanie I. Sprecher, Student Intern, Defender Aid Program, Laramie, for appellant.

Joseph B. Meyer, Atty. Gen.; Sylvia Hackl, Deputy Atty. Gen.; D. Michael Pauling, Sr. Asst. Atty. Gen.; Georgia L. Tibbetts, Asst. Atty. Gen.; Theodore E. Lauer, Director, Prosecution Assistance Program; Cole Loftus, Student Intern, Prosecution Assistance Program, Cheyenne, for appellee.

Before GOLDEN, C.J., and THOMAS, MACY, TAYLOR and LEHMAN, JJ.

GOLDEN, Chief Justice.

Following probation violations, the probation of Appellant Counts (Counts) was revoked and he was ordered to appear to serve his jail sentence. Counts failed to appear to begin serving his sentence. Characterizing that transgression as another probation violation, the district court revoked probation

and increased Counts' jail sentence. Counts appeals the additional sentence claiming various violations of the Wyoming Rules of Criminal Procedure and due process.

We reverse.

Counts presents this issue:

WHETHER THE COURT ERRED IN REVOKING APPELLANT'S PROBATION FOR FAILURE TO REPORT TO JAIL BECAUSE (1) REPORTING TO JAIL WAS NOT AND COULD NOT BE A CONDITION OF PROBATION AND (2) THE FAILURE TO REPORT COULD NOT BE CONSIDERED CONTEMPT AND HENCE A VIOLATION OF THE LAW, SUPPORTING A REVOCATION OF PROBATION FOR VIOLATING A LAW, A CONDITION OF PROBATION.

Appellee State (State) presents the issue as:

DID THE APPELLANT'S FAILURE TO REPORT TO JAIL AS ORDERED BY THE COURT CONSTITUTE A VIOLATION OF LAW FORBIDDEN BY THE CONDITIONS OF APPELLANT'S PROBATION, ALLOWING THE COURT TO REVOKE HIS PROBATION?

## FACTS

On April 19, 1993, Counts pleaded guilty to misdemeanors of criminal entry, petit larceny, and unauthorized use of a motor vehicle. He was sentenced on August 20, 1993, to consecutive sentences totaling two years. The sentences were suspended and Counts was placed on supervised probation for two years. The conditions of his probation were to serve sixty days at the Community Alternatives of Casper Program (CAC) as a nonresident and to "lead a good, useful and productive life; not again violate the law," not use illegal drugs or alcohol, and submit to testing for drugs and alcohol.

Counts' first four drug tests all indicated illicit drug use causing the State to petition to revoke Counts' probation on November 23, 1993. Counts and the State agreed that he would serve a jail term of 30 days and be placed on six months of supervised probation

under the original sentence's terms and conditions.

The district court ordered that sentence at a hearing on April 29, 1994, and a written order was filed on May 4, 1994. Counts requested a delay in beginning his jail sentence in order to provide for his two children. His counsel specifically requested that Counts be allowed to turn himself in at the jail at 7:00 p.m. the following Monday, May 2, 1994. The district court granted the request. On that Monday, Counts attempted to gain two more days to pay bills, but could not contact the district court judge. He failed to appear to begin his jail sentence. On May 3, 1994, the State filed a petition to revoke Counts' probation for failure to appear to begin serving his jail term as ordered by the court. He was arrested at his home on May 4, 1994.

At a hearing on May 30, 1994, Counts challenged the court's jurisdiction to revoke probation because reporting to jail was not a condition of his probation. The court responded: "One of the terms he was not to violate any laws. I think it is his alleged failure to appear, would at least constitute contempt of a court order." Following another hearing on June 9, 1994, the court revoked Counts' probation and ordered him to serve 60 days in jail and six months of supervised probation. This appeal followed.

## DISCUSSION

### *Standard of Review*

 The imposition of probation is within the sound discretion of the court. *Chapman v. State,* 728 P.2d 631, 634 (Wyo.1986). Probation begins once sentence is pronounced in open court. *Chapman,* 728 P.2d at 633. A district court's decision to revoke probation and impose a sentence is discretionary and will not be disturbed unless the record shows a clear abuse of discretion. *Gailey v. State,* 882 P.2d 888, 891 (Wyo.1994). "In determining whether there has been an abuse of discretion, the ultimate issue is whether or not the court could reasonably conclude as it did." *Gailey,* 882 P.2d at 891, quoting *Martinez v. State,* 611 P.2d 831, 838 (Wyo.1980). In exercising its discretion to

revoke probation, the court should consider the reasons underlying the original imposition of the conditions of probation, the violation of these conditions and the reasons leading to such violations. *Gailey*, 882 P.2d at 891. After hearing the facts, all that is essential is the court's conscientious judgment that the violation has occurred. *Gailey*, 882 P.2d at 891.

"Probation revocation procedures are governed by the Fourteenth Amendment right to due process and by Wyoming statutory and case law." *Gailey*, 882 P.2d at 891. This court has determined that due process requires a two-part revocation procedure: an adjudicatory phase to determine if the probation agreement has been violated and a dispositional phase to determine whether, in light of a proven violation, probation should be revoked. *Gailey*, 882 P.2d at 891.

■ In the adjudicatory phase, the district court's determination that the probation agreement has been violated "must be based upon verified facts and must be made pursuant to due process protections...." *Gailey*, 882 P.2d at 891.

### Error

■ Counts' contention at oral argument was simple: he was not on probation at the time he failed to appear and a probation violation could not be found by the district court. He claims his appearance to begin his sentence was a condition of release controlled by WYO.R.CRIM.PROC. 46.2(a) which with correlating rules specifies the procedure to be followed in order to satisfy due process. The rules provide the district court's exclusive remedy for a violation of a condition of release. Since due process was not satisfied, he argues, the court had no recourse against him and abused its discretion by erroneously determining a probation violation had occurred. Additionally, he asserts, despite the court's comments at the hearing, he could not be prosecuted and convicted for contempt since the proceedings did not conform to the rules governing contempt, WYO.R.CRIM.PROC. 42. He concludes his sentence must be reversed.

In response, the State says Counts was not resentenced for contempt but for a probation violation. As the State sees it, probation was in effect either because the first probation extended or the second probation began immediately upon resentencing; therefore, the court did not abuse its discretion in finding a probation violation or in ordering additional jail time. Not surprisingly, we find no cases in point.

■ We reject the State's contention that Counts was on probation at the time he failed to appear and accept Counts' contention the district court had made the appearance deadline a condition of release. Nothing in the record indicates the district court extended the revoked probation or imposed a three day probation. Probation will not be presumed from a silent record. A post-conviction conditional release is permitted by WYO. R.CRIM.PROC. 46.2(a) in accordance with the procedures outlined by WYO.R.CRIM.PROC. 46.1(b) or (c) requiring a written release order and an advisement of the consequences of a failure to appear. WYO.R.CRIM.PROC. 46.1(e) (Supp.1995). None of these requirements were followed by the district court.

Contempt is ordinarily the appropriate sanction for a failure to appear to begin serving a jail sentence. *See* WYO.R.CRIM. PROC. 46.4 (Supp.1995). Despite the court's comment about contempt, the record does not indicate the court was conducting a hearing in a manner providing the due process and trial required for contempt proceedings. *See Skinner v. State*, 838 P.2d 715 (Wyo. 1992). In the absence of appropriate proceedings to impose sentence for failure to appear, we must reverse the court's additional sentence.

### Jurisdiction

■ The district court judge who revoked probation had apparently previously been peremptorily disqualified by Counts in accordance with WYO.R.CRIM.PROC. 21.1 (1993). A district judge who is disqualified under this rule is divested of all jurisdiction except for residual authority to assign the case to another district judge. *Osborne v. District Court*, 654 P.2d 124, 127 (Wyo.1982).

This issue arose in response to questions during oral argument and the parties have not briefed the court with argument concerning jurisdiction. The record reflects the sentencing judge and the judge who revoked probation are clearly different but the peremptory disqualification motion is not included. Ordinarily a court can raise the issue of subject matter jurisdiction on its own motion; however, research reveals the question of whether the jurisdiction referred to by the rule refers to subject matter or personal jurisdiction is not a settled question.

In *Morgan v. State*, 635 P.2d 472 (Alaska 1981), the Alaska Supreme Court declined to classify the type of jurisdiction stating:

> We find little advantage in resorting to the labels of personal and subject matter jurisdiction. The peremptory challenge right does not fall easily within either classification. Although a valid peremptory challenge does negate the authority of a particular judge to preside over a particular case, it affects neither the personal nor the subject matter jurisdiction of the court; another judge of the same court may exercise both types of jurisdiction unaffected by the challenge....

*Morgan*, 635 P.2d at 479.

In view of our decision to reverse and the limited record available, we too will decline to classify the jurisdiction involved as subject matter or personal at this time.

Reversed.