**UNITED STATES of America, Appellee,**

v.

**Edward F. NOLAN, Jr.,
Defendant, Appellant.**

**No. 90–1881.**

United States Court of Appeals,
First Circuit.

Heard Feb. 8, 1991.

Decided May 9, 1991.

James L. Sultan, by appointment of the Court, with whom Rankin & Sultan was on brief for defendant, appellant.

Stephen A. Higginson, Asst. U.S. Atty., with whom Wayne A. Budd, U.S. Atty., was on brief for appellee.

Before TORRUELLA, Circuit Judge, and ALDRICH and BOWNES, Senior Circuit Judges.

PER CURIAM.

On March 7, 1986, appellant Edward J. Nolan was convicted on two counts of knowingly receiving through the mail visual depictions of minors engaged in sexually explicit conduct in violation of 18 U.S.C. § 2252(a)(2). The district court sentenced him to a two-year suspended term of imprisonment and placed him on a five-year probationary period beginning on July 10, 1986. A special condition of probation required appellant to undergo such psychiatric treatment as the Chief Probation Officer directed and, pursuant to this condition, appellant attended a number of group therapy programs from 1986 through 1990.

During the course of his probation, appellant became active in religion, joining the Worldwide Church of God in 1987. Also during the course of his probation, however, he was convicted of the state misdemeanor crime of open and gross lewdness for an incident which occurred

during the summer of 1988. This conviction prompted the United States Probation Department to petition the district court for revocation of appellant's probation on October 16, 1989. Following an oral hearing, the court denied the Department's request, emphasizing that persons participating in this type of psychiatric treatment would not benefit from a prison environment and instructing appellant that, henceforth, he was to comply fully with a revised treatment plan. Some months later, however, appellant unilaterally terminated his participation in the treatment program, causing the Department to file a second motion to revoke his probation on June 18, 1990. At his second probation revocation hearing, appellant explained that his refusal to participate was based on his strong moral and religious objections to a therapeutic technique in the program known as "aversive conditioning" which required him to indulge in deviant pedophilic fantasizing. The district court found, however, that appellant's complaints were not based on religious or moral beliefs and ordered his probation revoked, sentencing him to a term of imprisonment of six months. The sentence was stayed pending the resolution of this appeal.

Before this court, Nolan contends that the district court's order revoking his probation constituted an abuse of discretion. Moreover, he argues that the court's decision also violated his constitutionally protected rights to privacy and substantive due process, to freedom from cruel and unusual punishment, and to the free exercise of his religious beliefs. Finding the former contention unmeritorious and the latter not properly before us, we affirm.

■ District courts enjoy broad discretion in deciding whether a defendant's probation should be revoked and their determinations will not be disturbed absent a showing of manifest abuse. *United States v. Czajak*, 909 F.2d 20, 22 (1st Cir.1990). Probation revocation hearings, we must emphasize, involve two analytically distinct stages. *Black v. Romano*, 471 U.S. 606, 611, 105 S.Ct. 2254, 2257, 85 L.Ed.2d 636 (1985). The first one is retrospective and focuses on the factual question of whether the probationer has violated one of the conditions of probation. Since, in the case at bar, the appellant has accepted that he violated the "psychiatric treatment" special condition of his probation, we need not dwell on this aspect of the analysis. The second stage, on the other hand, is predictive and discretionary: it determines whether the violation warrants revocation, considering the nature of the violation and the history of the probationer. *See United States v. Morin*, 889 F.2d 328, 332 (1st Cir.1989).

■ Canvassing the record, we find that the district court acted well within its discretion in revoking the probationary period appellant had been granted. Appellant's unilateral termination of his participation in the treatment program was the second violation of the terms of his probation (the first being his conviction on state misdemeanor charges of open and gross lewdness), and the district court had already exercised leniency in declining to follow the government's prison recommendation at the first probation revocation hearing. The motive behind that decision, in fact, was the court's view that it was important for the appellant to continue therapy to correct his sexual proclivity toward children. The court even expressly cautioned appellant that his probation was conditioned on his strict compliance with the revised treatment plan. Thus, appellant's decision to terminate his participation in the treatment program struck at the core of the district court's decision not to revoke probation. Even so, the court did not reinstate the full two-year sentence, ordering instead that appellant be incarcerated for a period of six months. All circumstances considered, then, the district court did not manifestly abuse its discretion in revoking appellant's probationary term.

■ Appellant further argues that the district court's decision to revoke his probation for his refusal to comply with a condition which ran against his religious and moral beliefs also violated a number of constitutionally protected rights. The argument, however, is misstated. As noted

above, probation revocation decisions are only reviewed under an abuse of discretion standard. Properly stated, appellant's argument would be that the *conditions* imposed by the district court at sentencing violated his constitutional rights. The constitutionality of the conditions of probation, however, cannot be challenged on an appeal from a probation revocation decision. *Cf. United States v. Stine*, 646 F.2d 839, 846 (3d Cir.1981) ("[T]he alleged unconstitutionality of probation conditions cannot be raised as a defense to their violation in a probation revocation hearing where the conditions could have been challenged on direct appeal of the judgment of conviction or on an attack to the sentence through a Rule 35 motion.") Like the Sentencing Reform Act of 1984, the provisions of the Federal Probation Act applicable to appellant's case authorized trial courts to modify the terms of probation. *See* 18 U.S.C. § 3651 ("The court may revoke or modify any condition of probation, or may change a period of probation.") Fed.R.Crim.P. 32.-1(b) in turn sets out the procedure through which a probationer may request such a change or clarification. And, as the *Stine* court noted, appellant could have sought vacatur or modification of his sentence through a direct appeal, or through Fed.R.Crim.P. 35 ("Correction of Sentence"), *Stine*, 646 F.2d at 846, or even through 18 U.S.C. § 3742(a)(1) (sentence imposed in violation of law). Whatever may be the merits of appellant's constitutional arguments, his failure to follow the proper procedural avenue prevents us from considering them.

*Affirmed.*