Brian LEYBA, Appellant (Defendant),

v.

The STATE of Wyoming,
Appellee (Plaintiff).

No. 93–255.

Supreme Court of Wyoming.

Oct. 6, 1994.

Leonard D. Munker, State Public Defender, and Deborah Cornia, Appellate Counsel, of the Public Defender Program, for appellant.

Joseph B. Meyer, Atty. Gen., Sylvia Lee Hackl, Deputy Atty. Gen., D. Michael Pauling, Sr. Asst. Atty. Gen., Georgia L. Tibbetts, Asst. Atty. Gen., Theodore E. Lauer, Director of the Prosecution Assistance Program, and Gina Gradecki, Student Intern for the Prosecution Assistance Program, for appellee.

Before GOLDEN, C.J., THOMAS, MACY and TAYLOR, JJ., and CARDINE, J. (Retired).

MACY, Justice.

Appellant Brian Leyba appeals from the district court's order which revoked his probation and reinstated his original sentence.

We affirm.

## ISSUES

Appellant presents three issues:

ISSUE I

Did the trial court abuse its discretion when it revoked Appellant's probation because of his refusal to sign an unconstitutional treatment contract?

ISSUE II

Did the trial court abuse its discretion by imposing an arbitrary and capricious sentence?

ISSUE III

Was Appellant's sentence illegal?

## FACTS

A jury found Appellant guilty of two counts of knowingly taking immodest, immoral, or indecent liberties with a child, and the district court sentenced him to serve a term of not less than eighteen months nor more than sixty months in the Wyoming State Penitentiary. The district court suspended Appellant's sentence and placed him on supervised probation for a period of eight years. When the district court sentenced him, Appellant was living in North Platte, Nebraska, and the district court allowed him to serve his probation in the state of Nebraska.

Appellant's probation conditions included requirements that he enroll in an inpatient treatment facility for counseling, that he receive individual counseling, and that he attend a sex offenders counseling program. Appellant met with his Nebraska probation officer on June 17, 1993, at which time he and the probation officer discussed the terms of the district court's probation order. The probation officer informed Appellant that North Platte had a sex offenders group program and advised Appellant that he should register for the program.

Appellant consulted with a psychotherapist at Mental Health Specialists, P.C. on June 29, 1993. The psychotherapist told Appellant that he would not be allowed to participate in the outpatient adult sexual perpetrator program unless he signed a "Treatment Contract for Adult Sex Offenders." After the psychotherapist explained the terms of the treatment contract, Appellant objected to the contract's provisions which required him

- to be financially responsible for his treatment;

- to have no contact with children;

- to take and be financially responsible for polygraph examinations;

- to have no pornographic material and view no violent material; and

- to participate in and pay for penile plethysmograph evaluations.

Appellant also objected to the contract's requirement that his wife participate in his therapy.

Appellant asked for two copies of the contract. The psychotherapist gave Appellant two copies, and Appellant left without signing the contract. The next day, Appellant informed his probation officer that he planned to contact his attorney to discuss the treatment contract.

Appellant sent a copy of the treatment contract to his attorney and informed him that he objected to the contract. The attorney advised Appellant that his probation could be revoked if he failed to sign the contract. The attorney suggested, alternatively, that Appellant move back to Wyoming so he could attend a different program.

During the week of July 19, 1993, Appellant informed the receptionist at Mental Health Specialists that he would not sign the treatment contract. Appellant also informed his probation officer that he refused to sign the contract. He claimed that the contract violated his constitutional rights. The probation officer and Appellant reviewed the treatment requirements which were contained in the probation order, and the probation officer advised Appellant that, if he did not sign the contract and participate in the sex offenders group program, he would probably be arrested for violating the conditions of his probation.

The prosecutor filed a motion for probation revocation on August 9, 1993, which alleged that Appellant had violated the sex offenders counseling condition of his probation. A probation revocation hearing was held on October 19, 1993. At the hearing, Appellant admitted that he had refused to sign the treatment contract. Appellant's attorney asked the district court to modify the probation order to permit Appellant to continue to be on probation without being required to attend the treatment program. After the hearing, the district court revoked Appellant's probation for "failing and/or refusing to complete counseling as ordered."

## TREATMENT CONTRACT

■ Appellant contends that the district court abused its discretion when it revoked his probation on the basis that he had refused to sign the treatment contract which

was required before he could participate in the sex offenders group program at Mental Health Specialists in North Platte. Appellant argues that he should not have been required to sign a treatment contract which he felt was unconstitutional. We decline to consider the merits of Appellant's objections to the terms of the treatment contract since Appellant did not seek review of his probation conditions before his probation revocation hearing was held. *See United States v. Nolan,* 932 F.2d 1005, 1007 (1st Cir.1991) (per curiam).

> "The integrity of the judicial process demands compliance with court orders until such time as they are altered by orderly appellate review. Litigants are not entitled to sit in judgment on their own cases, and they must follow the appropriate channels for review of decisions they believe to be invalid. Unless and until an invalid order is set aside, it must be obeyed."

*GN v. State (In re C.N.),* 816 P.2d 1282, 1284–85 (Wyo.1991) (quoting *State ex rel. Mix v. Newland,* 277 Or. 191, 560 P.2d 255, 260 (1977)). As this Court stated in *Begley v. Nall,* 62 Wyo. 254, 166 P.2d 466 (1946), *cited in GN,* 816 P.2d at 1285:

> [N]o move was made on the part of appellant to modify or dissolve the injunction order here in question. If he thought it erroneous or too broad he should have pursued that course. He had full knowledge of what he was required by it to do. His remedy was certainly not that of disobedience. There is abundant evidence in the record that he disregarded the terms of the order. The district court had jurisdiction both of the subject matter of the action and the parties thereto. Its order should have been obeyed so long as it remained operative.

62 Wyo. at 264, 166 P.2d 466.

Appellant does not dispute the district court's jurisdiction. He made no attempt to challenge the treatment contract in court before he refused to sign it. Although Appellant may have found the terms of the treatment contract to be repugnant, he, as a probationer, could not take the law into his own hands and defy the conditions of his probation by not attending a sex offenders counseling program.

Appellant did not ask the district court to modify the conditions of his probation before the revocation hearing was held. *See* W.R.Cr.P. 39(b). Appellant failed to " 'follow the appropriate channels for review.' " *GN,* 816 P.2d at 1284 (quoting *State ex rel. Mix,* 560 P.2d at 260)). Both the probation officer and Appellant's attorney warned Appellant about what could happen if he refused to sign the treatment contract which was required before he could attend the sex offenders group program at Mental Health Specialists. Appellant does not dispute that he willfully refused to sign the treatment contract. The district court did not abuse its discretion by revoking Appellant's probation.

## SEX OFFENDERS COUNSELING PROGRAM

Appellant claims alternatively that the district court abused its discretion by ordering him to attend a sex offenders counseling program as a probation condition. We disagree.

The district court has wide discretion in determining appropriate conditions of probation. *Burke v. State,* 746 P.2d 852, 859 (Wyo.1987) (quoting *Lansing v. State,* 669 P.2d 923, 927 (Wyo.1983)). A probation condition is valid if it is "reasonably related to ... rehabilitation"; it should be deleted if it is "unrelated to the criminal conduct for which [the probationer] was convicted and is not reasonably related to future criminal conduct." *Hamburg v. State,* 820 P.2d 523, 531 (Wyo.1991).

The probation condition which required Appellant to attend a sex offenders counseling program was valid. He had been convicted of a sex offense; i.e., knowingly taking immodest, immoral, or indecent liberties with a child. The probation condition was, consequently, reasonably related to rehabilitating Appellant and deterring him from engaging in similar conduct in the future. Since the probation condition was valid,

> it [was] within the trial court's discretion to determine whether [the] probationer violated his probation conditions, and that

determination will not be reversed unless the discretion was abused.... All that is necessary for a probation to be revoked is the court's conscientious conclusion, after the court hears the facts, that the violation occurred.

*Kupec v. State*, 835 P.2d 359, 362 (Wyo.1992). Appellant admitted that he had refused to sign the treatment contract which was a prerequisite for attending the sex offenders group program at Mental Health Specialists. Not attending a sex offenders counseling program was a violation of Appellant's probation condition. The district court did not abuse its discretion when it required Appellant to attend a sex offenders counseling program or when it revoked Appellant's probation because he failed to attend such a program.

### ILLEGAL SENTENCE

■ Appellant claims that his sentence was illegal because the sum of his term of incarceration and his period of probation exceeded the maximum penalty authorized by statute. We disagree.

"[T]he restraints of probation cannot exceed a period in excess of the maximum term of imprisonment authorized by the statute violated." *Hicklin v. State*, 535 P.2d 743, 753 (Wyo.1975). In *Kahlsdorf v. State*, 823 P.2d 1184 (Wyo.1991), however, this Court stated: "[I]t does not violate the probation statutes when a defendant, having served time on probation, has [his] probation validly revoked and then receives the maximum sentence for [his] crime." 823 P.2d at 1191. As long as neither the period of probation nor the term of incarceration exceeds the statutory maximum sentence, the sentence is not illegal. *Id.*

Appellant's maximum term of imprisonment for each of the two convictions was ten years. WYO.STAT. § 14–3–105(a) (1994). Appellant was placed on probation for a period of eight years. Approximately five months after the original sentencing hearing had been held, the district court revoked Appellant's probation and reinstated his original sentence. Appellant was originally sentenced to be imprisoned for not less than eighteen months (one and one-half years) nor more than sixty months (five years).

Neither Appellant's period of probation nor his term of incarceration exceeded the maximum term of imprisonment authorized by statute. Appellant's sentence was, therefore, legal. *See also* WYO.STAT. § 7–13–305(c) (1987).[1]

### CONCLUSION

The district court did not err when it revoked Appellant's probation and reinstated his original sentence.

Affirmed.

---

1. Section 7–13–305(c) (emphasis added) states:
   (c) For a violation of a condition of probation occurring during the probationary period, revocation proceedings may be commenced at any time during the period of suspension of sentence or probation under W.S. 7–13–302, or within thirty (30) days thereafter, in which case the court may issue a warrant and cause the defendant to be arrested. If after hearing the court determines that the defendant violated any of the terms of probation or suspension of sentence, *the court may proceed to deal with the case as if no suspension of sentence or probation had been ordered.*