Delores Marie THOMAS, Appellant
(Defendant),

v.

The STATE of Wyoming,
Appellee (Plaintiff).

No. 96–212.

Supreme Court of Wyoming.

July 24, 1998.

Sylvia L. Hackl, State Public Defender; Donna Domonkos, Appellate Counsel; Michael Dinnerstein, Director, Wyoming Defender Aid Program; and Ernest A. Roybal and Jack Ogilvie, Student Interns, for Appellant (Defendant).

William U. Hill, Attorney General; Paul S. Rehurek, Deputy Attorney General; D. Michael Pauling, Senior Assistant Attorney General; Kimberly A. Baker–Musick, Assistant Attorney General; Theodore E. Lauer, Director, Prosecution Assistance Program; and Ian D. Shaw, Student Director, for Appellee (Plaintiff).

Before LEHMAN, C.J., and THOMAS, MACY, GOLDEN and TAYLOR,* JJ.

TAYLOR, Justice.

Appellant complains she was convicted of a non-existent crime by an improperly empaneled jury. Finding no error, we affirm.

One evening in March 1995, a Casper, Wyoming pharmacist received a telephone call from a woman who identified herself as an employee of a Casper dentist and ordered two prescriptions for an individual living at 1326 East 6th Street. After hanging up the telephone, the pharmacist realized that the

* Chief Justice at time of oral argument.

address given would have to be located in the local cemetery and that one of the prescriptions was for an addictive pain killer. He then telephoned the dentist, who denied having a patient in the cemetery or ordering the prescriptions. The police were summoned.

Around the time the police arrived at the pharmacy, a cab driver appeared, indicating he had been directed to retrieve the prescriptions for the person with the cemetery address. The pharmacist prepared an empty bottle with a phony label and deposited it in a pharmacy bag, which the police persuaded the cab driver to take down to 6th Street, near the cemetery. When Delores Thomas (appellant) and a companion approached the cab on 6th Street, offering to pay for the pharmacy bag and its contents, the police moved in. Appellant later admitted she had summoned the cab.

Appellant was tried before a jury on one count of conspiring and one count of attempting *"to knowingly or intentionally * * * acquire or obtain possession of a controlled substance by misrepresentation, fraud, forgery, deception or subterfuge,"* in violation of Wyo. Stat. § 35–7–1042 (1997) (proscribing attempts or conspiracies involving controlled substance laws) and Wyo. Stat. § 35–7–1033(a)(iii) (1997) (the object crime, in high-lighted quotation above). Given the protracted wording of the object crime which appellant was charged with conspiring and attempting to effect, appellant's trial attorney,[1] the prosecutor and the district court all embraced the term of "prescription fraud" in order to describe the substantive crime proscribed by Wyo. Stat. § 35–7–1033(a)(iii).

Having been given jury instructions defining attempt and conspiracy together with verbatim reiteration of the above-quoted language of Wyo. Stat. § 35–7–1033(a)(iii), both as stated in the charging document and parsed into elemental form, a district court jury returned convictions on both counts. The elemental jury instructions explained to the jury that if the State proved each element of the attempt, appellant should be found guilty of "prescription fraud," and if the State proved each element of the conspiracy, appellant should be found guilty of "con-

spir[ing] with another to commit prescription fraud." Neither objecting to those jury instructions nor proposing any jury instructions of her own, appellant now argues she was convicted of the "non-existent" crime of "prescription fraud."

Appellant's challenge to the use of "prescription fraud" claims she was convicted for crimes with which she had never been charged, through employment of defective jury instructions. Because the charging information was reiterated through Instructions No. 3 and No. 4, while Instruction No. 7 described the elements of attempting to violate Wyo. Stat. § 35–7–1033(a)(iii) and Instruction No. 8 covered the elements of conspiring to violate Wyo. Stat. § 35–7–1033(a)(iii), appellant's case depends upon discrediting those jury instructions.

 Appellant is ill-situated to claim error on appeal after she failed to interpose any objection at trial, when such an objection would have afforded the district court an opportunity to correct the alleged errors before the jury retired. W.R.Cr.P. 30; *State v. Keffer*, 860 P.2d 1118, 1136–37 (Wyo.1993). This raises the appellate threshold to plain error. *Miller v. State*, 904 P.2d 344, 347 (Wyo.1995). Plain error cannot be found absent a record which clearly reflects violation of an unequivocal rule of law to the material prejudice of the appellant. *Guerra v. State*, 897 P.2d 447, 459 (Wyo.1995) (*quoting Lobatos v. State*, 875 P.2d 716, 721 (Wyo. 1994)).

This record contains jury instructions and a verdict form which demonstrate, unequivocally, that the jury found, beyond a reasonable doubt, that appellant both conspired and attempted to violate Wyo. Stat. § 35–7–1033(a)(iii). That appellant's crimes were labeled as "conspir[ing] with another to commit prescription fraud" and "prescription fraud" would be of little moment, even had appellant timely objected. There is no hint that use of the term "prescription fraud" sullied the jury instructions' repeated articulation of the circumstances under which a conspiracy and an attempt to violate Wyo. Stat. § 35–7–1033(a)(iii) might be found.

---

1. In his closing, appellant's trial counsel referred to the crime of "prescription fraud."

So long as jury instructions "correctly state the law and the entire charge to the jury adequately covers the issues, reversible error will not be found." *Baier v. State*, 891 P.2d 754, 756 (Wyo.1995). When appellant's counsel embraced the term "prescription fraud" in his closing, it was clear that the district court's use of the term was an appropriate reflection of the issues raised on appellant's behalf during the trial. *Fales v. State*, 908 P.2d 404, 411 (Wyo.1995). Appellate review of such jury instructions tests whether the object crime has been described with sufficient detail to have assured the accused a fair trial. *Miller*, 904 P.2d at 348. The jury instructions in this case, like the record as a whole, admit of no other characterization.

The other issue raised in this appeal concerns the district court's decision to strike, for cause, a venire person revealed by voir dire to have had a long-standing friendship with appellant. Of course, constitutional entitlements to an impartial jury discard partiality *in favor* of a defendant quite as quickly as the alternative. *Jahnke v. State*, 682 P.2d 991, 999–1000 (Wyo.1984). However, when appellant accepted the jury prior to presenting her case, appellant's earlier objection to the challenge of her friend for cause was insufficient to preserve the issue for appeal, and our inquiry ends there. *Munoz v. State*, 849 P.2d 1299, 1302 (Wyo.1993).

The jury's verdict and the judgment and sentence are hereby affirmed in all respects.