**Jimmy Lee SHAW, Appellant (Defendant),**

v.

**The STATE of Wyoming, Appellee (Plaintiff).**

No. 98–351.

Supreme Court of Wyoming.

March 9, 2000.

Representing Appellant: Jeffrey C. Gosman of Gosman Law Office, Casper, WY. Argument by Mr. Gosman.

Representing Appellee: Gay Woodhouse, Attorney General; Paul S. Rehurek, Deputy Attorney General; D. Michael Pauling, Senior Assistant Attorney General; and Hugh Kenny, Senior Assistant Attorney General. Argument by Mr. Kenny.

Before LEHMAN, C.J., and THOMAS, MACY, GOLDEN, and HILL, JJ.

LEHMAN, Chief Justice.

Jimmy Lee Shaw appeals the revocation of his probation, claiming violations of his right to due process prior to and during the probation revocation hearing. We conclude that Shaw was not properly served with a copy of the petition for revocation prior to the hearing as required by the governing statute, rule, and constitutional principles of due process. Therefore, we reverse.

### ISSUES

We summarize the issues presented by Shaw as follows:

1. Whether the district court's failure to ensure that Shaw was provided with a copy of the petition for revocation before requiring him to plead violated due process or otherwise requires reversal of the order of revocation;

2. Whether the district court's failure to have Shaw personally admit or deny the allegations in the petition violated due process or otherwise requires reversal of the order of revocation;

3. Whether Shaw was denied effective assistance of counsel when neither he nor his counsel had notice of the allegations contained in the petition for revocation or an opportunity to prepare a defense.

## FACTS

On April 10, 1997, Shaw pled no contest to issuance of insufficient funds checks in violation of Wyo. Stat. Ann. § 6–3–702 (Lexis 1999). Judgment and sentence was entered on August 12, 1997, and Shaw was placed on probation for three years. Among the conditions of probation were that Shaw abstain from drug and alcohol use and submit to random testing.

On October 6, 1997, a petition for revocation of probation was filed, together with an affidavit, in which it was alleged that Shaw had tested positive for cocaine two weeks earlier. Shaw initially appeared in district court on October 30, 1997, bond was set, and counsel was appointed to represent him in the probation revocation proceedings. On December 2, 1997, a probation revocation hearing was held at which time Shaw's counsel advised the district court that Shaw admitted the allegations contained in the petition. Following the hearing, on December 11, 1997, the district court entered an order continuing Shaw's probation with the additional condition that he serve another 30 days at Community Alternatives of Casper.

On September 23, 1998, another petition for revocation of probation was filed with an affidavit alleging that Shaw had tested positive for cocaine on two more occasions in the preceding weeks. It is this petition for revocation which is the subject of Shaw's appeal. Shaw alleges, and the State concedes, that a copy of the petition for revocation was not served upon him or his counsel at any time prior to or during the probation revocation hearing.

On October 1, 1998, Shaw was brought before the district court on the second petition for revocation, bond was set, and counsel was appointed. At this hearing, the court orally advised Shaw that the affidavit filed with the petition for revocation alleged that two urinalyses conducted in the preceding weeks were positive for cocaine.

On October 13, 1998, Shaw appeared at the probation revocation hearing with counsel, who advised the court that neither he nor Shaw had received a copy of the petition for revocation and that he was not aware of the specific allegations. Counsel stated he understood from his client that the petition alleged that two urinalyses in the preceding weeks came back presumptively positive. Counsel then stated he was not aware whether the State had confirmatory data on either test. The prosecuting attorney responded that the State did have confirmatory data on one of the tests. Counsel for Shaw then informed the court that Shaw would acknowledge the positive urinalysis was a correct reading and asked to go forward with the hearing. After hearing brief argument for and against revocation, the district court ordered that Shaw's probation be revoked and sentenced him to two to three years in the Wyoming State Penitentiary. An order to that effect was entered on October 23, 1998. Shaw timely appealed from that order.

## DISCUSSION

In *Mason v. State*, 631 P.2d 1051, 1055 (Wyo.1981) (citing *Gagnon v. Scarpelli*, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973)), we said:

> The law governing probation revocation is controlled by the Fourteenth Amendment right to due process under the law, as well as by Wyoming statute and case law.
>
> . . .
>
> Due process requires that the defendant in revocation cases be given a two-part hearing to determine if (1) there are verified facts proving a violation of the release agreement; and (2) whether in light of a proven violation the probation should be revoked. ***This hearing must be preceded by a written notice of the claimed violations***.

(Emphasis added.)

In *Minchew v. State*, 685 P.2d 30, 31 (Wyo. 1984) we again acknowledged that one of the ***minimum*** requirements of due process in-

cludes written notice of the claimed violations of probation. More recently, in *Wlodarczyk v. State*, 836 P.2d 279, 293 (Wyo.1992) and *Gailey v. State*, 882 P.2d 888, 891 (Wyo.1994), we reiterated that written notice of the nature and content of the allegations is among the many safeguards which our law affords the probationer.

The procedures for revocation of probation are governed by statute and by court rule. Wyo. Stat. Ann. § 7–13–408(c)(i) (Lexis 1999) provides:

> (c) With respect to any hearing pursuant to this section, the probationer, parolee or conditional releasee:
>
> > (i) Shall have reasonable notice in writing of the nature and content of the allegations to be made including notice that the purpose of the hearing is to determine whether there is probable cause to believe that he has committed a violation that may lead to a revocation of probation, parole or conditional release.

W.R.Cr.P. 39 provides:

> (a) *Revocation.*—Proceedings for revocation of probation shall be initiated by a petition for revocation filed by the attorney for the state, setting forth the conditions of probation which are alleged to have been violated by the probationer and the facts establishing the violation.
>
> > (1) Process.—If it appears from a verified petition to revoke probation, or from an affidavit or affidavits filed with the petition, that there is probable cause to believe the probationer violated the terms of probation, the court shall order the probationer to appear before the court on a date and time stated to answer to the allegations in the petition. Upon the written request of the attorney for the state demonstrating good cause therefor, the court may issue a warrant for the probationer. *A copy of the petition for revocation shall be served upon the probationer along with the order to appear or warrant.*

(Emphasis added.) Both the statute and the rule replicate the requirements set down by the United States Supreme Court in *Gagnon v. Scarpelli*, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973).

■ Contrary to the unambiguous language of § 7–13–408(c)(i), Rule 39, Wyoming case law, and governing constitutional principles, a copy of the petition for revocation was not served upon Shaw or his counsel prior to or during the probation revocation hearing. It is undisputed that Shaw never received written notice of the allegations contained in the petition for revocation. We are unable to locate authority which would support a contention that because Shaw was advised orally of the allegations, by the court at a prior hearing, the failure to give written notice is cured; indeed, the cases most closely in point counsel a contrary view. *See State v. Grate*, 947 P.2d 1161, 1167–68 (Utah App.1997) (lack of written notice deprived court of jurisdiction); *State v. Patterson*, 31 Conn.App. 278, 624 A.2d 1146, 1162–63 (1993) (where trial court proceeded to revoke probation at conclusion of trial and conviction on another offense, lack of written notice of revocation required reversal).

■ In its brief the State concedes that a violation of due process occurred but argues that it is not grounds for reversal because Shaw waived any claim of error by failing to object. The State contends that absent an objection in district court, the plain error standard applies and that Shaw cannot make the showing of prejudice required for plain error. Here, appellant afforded the district court an opportunity to correct the error. The lack of notice was called to the court's attention; however, no meaningful remedial efforts were undertaken by the district court or suggested by the attorney for the State. It is correct that plain error cannot be found absent a record which clearly reflects violation of an unequivocal rule of law to the material prejudice of the defendant. *Thomas v. State*, 958 P.2d 1059, 1060 (Wyo.1998). However, given the clarity of the statute, the rule, the governing principles of due process of law, our pertinent case law, as well as a review of the entirety of the proceedings conducted in the district court (consisting of five pages), we are compelled

to conclude that the failure to provide written notice to appellant is a defect affecting a substantial right and, under the circumstances presented to us here, was prejudicial to his cause. W.R.A.P. 9.05.

Reversed and remanded for further proceedings consistent with this opinion.