Darrell JOHNSON, Appellant
(Defendant),

v.

The STATE of Wyoming,
Appellee (Plaintiff).

No. 99–181.

Supreme Court of Wyoming.

June 7, 2000.

---

Representing Appellant: Donald L. Painter, Casper, Wyoming.

Representing Appellee: Gay Woodhouse, Attorney General; Paul Rehurek, Deputy Attorney General; and D. Michael Pauling, Senior Assistant Attorney General.

Before LEHMAN, C.J., and THOMAS, MACY, GOLDEN, and HILL, JJ.

HILL, Justice.

Appellant, Darrell Johnson (Johnson), seeks review of the district court's order revoking his probation and imposing a sentence of 18 to 36 months in the Wyoming State Penitentiary. Johnson's principal contention is that he lacked adequate financial means to fulfill the condition of probation (completion of sex offender counseling), which resulted in revocation of his probation, and, therefore, he is being punished because he is indigent. We affirm.

## ISSUE

Johnson provides this statement of the issue:

1. Whether Appellant's financial circumstances at the time of hearing were sufficient, as a matter of law, to excuse his noncompliance with the probationary requirement for counseling.

In response, the State poses this summary of the issue:

Whether the district court properly revoked appellant's probation and ordered his incarceration.

## FACTS

On March 28, 1995, Johnson entered a plea of "no contest"[1] to a charge of second-degree sexual assault. As its sentence, the district court placed Johnson on probation for a period of five years. A number of conditions of probation were prescribed, and for purposes of this appeal, the pertinent ones are these: (1) "That the defendant be under the direct supervision of the Department of Corrections, Probation and Parole, and shall obey that Department's Rules and Regulations;" (2) "That the Defendant shall obtain and successfully complete counseling as directed by Probation and Parole." On May 30, 1995, Johnson was admitted to outpatient treatment at Central Wyoming Counseling Center. At the conclusion of that treatment, the following report, dated July 17, 1995, was made to Johnson's probation officer:

Mr. Johnson was admitted to outpatient treatment 5–30–95. He was required to attend four sessions, individual and group. He was also required to provide me with

---

1.  W.R.Cr.P. 11(a)(1)(A) (LEXIS 1999) lists one of the alternative pleas that may be entered by a criminal defendant as a plea of nolo contendere. In some jurisdictions, such a plea is referred to as a plea of "no contest" (a loose translation of the Latin phrase "nolo contendere"). A limitation on acceptance of such a plea is this: "A defendant may plead nolo contendere only with the consent of the court. Such a plea shall be accepted by the court only after due consideration of the views of the parties and the interest of the public in the effective administration of justice."

A nolo contendere plea, as compared to a guilty plea, has been described thus:

"The principal difference between a plea of guilty and a plea of nolo contendere is that the latter may not be used against the defendant in a civil action based upon the same acts. The plea is not an admission of guilt and cannot be received as such in a subsequent proceeding against the defendant. A defendant who has pleaded nolo contendere is not estopped from denying the facts on which the criminal charge was based in a subsequent civil proceeding."
1A Charles Alan Wright, Federal Practice and Procedure: Criminal 3d § 177, pp. 290–91 (1999). Johnson filed a motion to withdraw this plea, but the district court denied his motion, and this Court affirmed. *Johnson v. State,* 922 P.2d 1384 (Wyo.1996).

court papers or documentation regarding his crime and to sign releases to the Court. He complied with these conditions. However, his behavior was belligerent, argumentative and oppositional during his sessions. As we discussed in our phone conversation Mr. Johnson is resistive to any type of treatment. As she [sic] stated in session he believes that his conviction will be appealed and therefore feels he is being needlessly punished. I explained I would discharge him and that my records reflect therapy is not being used productively and is not effective.

Johnson's term of probation appears to have progressed without incident until late in 1998, when his case was assigned to a new probation officer, Carolyn Kelessidou Biggs. Although Johnson had attended "counseling" in 1995, as noted in the above-quoted letter, that participation was not productive or effective. Johnson did not participate in any other counseling between 1995 and 1999, and Biggs characterized that oversight as: "somehow he fell through the cracks." Based upon the requirements of the Rules and Regulation of Probation and Parole, Biggs directed Johnson to attend sexual offender counseling. Although he did show up for the initial intake interview, Johnson refused to participate in that program, principally because he was required to admit his guilt and/or take a series of polygraph tests. Had he denied his guilt and successfully passed a polygraph test, he would not have been considered an appropriate candidate for that program and would not have been required to participate in it. Johnson also contended that he did not have funds to pay for the counseling program and the cost was significant.

The only issue Johnson raises in this appeal is that his noncompliance with the directive from Probation and Parole to attend the sexual offender counseling program should be excused because of his financial circumstances. Johnson also expresses, albeit somewhat informally and without benefit of pertinent authority, that he had already met the requirement of attending counseling (the 1995 counseling), as well as an entreaty of hardship based on his medical condition (he had suffered a spinal injury and appeared at his revocation hearing in a wheelchair).

## STANDARD OF REVIEW

■ A district court's decision to revoke probation is discretionary and will not be disturbed unless the record demonstrates a clear abuse of discretion; the district court is required to make a conscientious judgment that the alleged violation occurred after considering the reasons underlying the conditions of probation, the violation of those conditions, and the reasons leading to the violation. *Roberts v. State*, 912 P.2d 1110, 1112 (Wyo.1996); *Leyba v. State*, 882 P.2d 863, 865–66 (Wyo.1994).

■ We also acknowledge Johnson's espousal of the general concept that revoking the probation of a defendant for failure to comply with probation conditions, particularly those which may require the payment of money, when not willful, but instead resulting from factors beyond the probationer's control, would be fundamentally unfair. *Kupec v. State*, 835 P.2d 359, 361–62 (Wyo.1992). However, we do not find that principle applicable under the circumstances of this case.

## DISCUSSION

■ Our discussion of Johnson's contentions need only be quite brief. Much as in *Leyba*, here Johnson unilaterally determined that he could be the arbiter of which of the terms of his probation required his obedience and which of those terms might be excused by his financial condition. Johnson did not appeal the conditions of probation imposed at the time of his sentencing. Moreover, he made no effort to address his concerns to the district court and, based upon those concerns, to seek modification of the terms of his probation or relief from the directives addressed to him by Probation and Parole. Under the circumstances of this case and in the absence of any such efforts by Johnson, there can be no abuse of discretion in the revocation of his probation. *Leyba*, 882 P.2d at 865. The record is clear that Johnson refused to conform to the terms of his probation, and that he did so willfully. To the extent that any issue of Johnson's ability to

pay for the ordered counseling existed, his reliance on indigence was premature and speculative (he had not been refused treatment for failure to pay), it was untimely addressed to the district court, and it was insufficiently documented (and Johnson's credibility was quite low). But most important of all, as is clearly set out in the district court's oral findings, Johnson's refusal to participate in treatment was not the result of indigence but, rather, the result of his continued resistiveness to any sort of treatment associated with his crime.

The order of the district court revoking Johnson's probation and imposing sentence is affirmed.