2006 WY 141

**John Anthony MESSER, Appellant (Defendant),**

v.

**The STATE of Wyoming, Appellee (Plaintiff).**

No. 05–236.

Supreme Court of Wyoming.

Nov. 3, 2006.

**458**

Representing Appellant: Kenneth M. Koski, State Public Defender; Donna D. Domonkos, Appellate Counsel; Tina N. Kerin, Senior Assistant Appellate Counsel.

Representing Appellee: Patrick J. Crank, Attorney General; D. Michael Pauling, Senior Assistant Attorney General; Paul S. Rehurek, Deputy Attorney General.

Before VOIGT, C.J., and GOLDEN, HILL, KITE, and BURKE, JJ.

VOIGT, Chief Justice.

[¶ 1]   The Appellant contends that the district court erred in revoking his probation because the State failed to carry its burden of proving that he acted willfully.   We affirm.

## ISSUES

[¶ 2]   The Appellant states the issue simply as being whether the trial court erred in revoking his probation.   In his brief, however, he raises two separate questions:

1.   Whether the State or the defendant has the burden of proof at a probation revocation hearing?

2.   Whether the State proved that he willfully violated the terms of his probation?

## FACTS

[¶ 3]   The underlying facts of this case are detailed in our opinion following the Appellant's direct appeal from his conviction.   *See Messer v. State,* 2004 WY 98, ¶¶ 4–7, 96 P.3d 12, 14–15 (Wyo.2004).   Suffice it to say for purposes of the present appeal that we affirmed the Appellant's conviction for felony domestic violence.   The appellant was sentenced by the district court to a term of 18 to 24 months imprisonment in the Wyoming State Penitentiary, but that sentence was suspended and a "split" sentence was imposed pursuant to Wyo. Stat. Ann. § 7–13–107 (LexisNexis 2003).[1]   The general terms of the split sentence, which was entered on September 22, 2003, were that the Appellant serve 6 months in the county jail, followed by 24 months of supervised probation.

[¶ 4]   The next relevant occurrence in this case was the State's filing on September 7, 2004, of a petition to revoke the Appellant's

---

1.   Wyo. Stat. Ann. § 7–13–107 allows certain felons to be confined in the county jail, rather than in the state prison.

probation. The single allegation of that petition reads as follows:

That paragraph six (6) of page three (3) of the Judgment and Sentence of August 6, 2003 (*sic.*), states to-wit: It is further ordered that the Defendant shall successfully complete the felony program at Community Alternatives of Casper. It is further ordered that the sentence imposed in this matter shall run consecutive to all other sentences imposed. That said Defendant is in violation of paragraph six (6) of page three (3) in that he was terminated from Adult Community Corrections for non-payment of services rendered, and self and medical reported inability [to] be employed because of pending surgical issues, on April 12, 2004.

[¶ 5] On December 20, 2004, the district court granted the State's motion to add the following allegations to its petition:

1. That the Defendant was at an unauthorized location in Converse County, Wyoming;

2. That the Defendant failed to enter and continue counseling as directed; and

3. That the Defendant did not follow the directives of his probation officer.

Numerous additional allegations followed in the next few months, including allegations that the Appellant was not reporting to his probation officer, that his whereabouts were unknown, that he had left the county without permission, that his residence and employment status were unknown, and that he had failed to contact a "day reporting" center as instructed.

[¶ 6] The State's petition to revoke probation was heard on April 1, 2005. The district court declined to consider the allegations made after the December 20, 2004 petition because the Appellant and his counsel had not properly been served with notice of the same. At the conclusion of the hearing, the district court ruled from the bench, denying the petition because the State had failed to prove that the Appellant had willfully violated the terms of his probation.

[¶ 7] Less than three months later, the State filed another petition seeking revoca-tion of the Appellant's probation. The new petition contained four allegations:

1. That said Defendant has failed to complete anger management, having only attended two (2) group sessions since August 6, 2003, in violation of conditions number one (1) and seven (7) of his Judgment and Sentence.

2. That said Defendant has failed to keep this Agent appraised (*sic.*) of his current residence in violation of condition number one (1) of his Judgment and Sentence.

3. That said Defendant failed to keep scheduled office appointments with this Agent on April 27, 2005, and again on May 12, 2005, in violation of condition number one (1) of his Judgment and Sentence.

4. That said Defendant has failed to complete the felony program at Community Alternatives of Casper after being terminated on April 12, 2004 pursuant to Major Violations (MJ48) in violation of his Judgment and Sentence.

A fifth allegation was added by subsequent amendment, that allegation being that the Appellant had ceased all contact with his probation officer and appeared to have "absconded from supervision."

[¶ 8] The State's petition was heard on July 13, 2005. After withdrawing the fourth allegation, the State presented its evidence through the testimony of the Appellant's most recent probation officer. The Appellant did not testify, but called his girlfriend as a witness. At the conclusion of the hearing, the district court reviewed the evidence and concluded that the State had proven each of the allegations by a preponderance of the evidence. The Appellant's probation was revoked, and the sentence of imprisonment for 18 to 24 months was re-imposed, with credit for 286 days served. This appeal followed.

## STANDARD OF REVIEW

[¶ 9] Not too long ago, we set forth in detail our standard for reviewing a decision to revoke probation:

Revocation of probation is largely governed by court rule. W.R.Cr.P. 39. The

State is required to establish the violation of the conditions of probation alleged in the petition by a preponderance of the evidence. W.R.Cr.P. 39(a)(5). The probationer has the right to appear in person and by counsel and to confront and examine adverse witnesses, and the rules of evidence apply to the adjudicative phase. W.R.Cr.P. 39(a)(5)(A) and (B); also see W.R.E 1101(a)(3).

A district court's decision to revoke probation is discretionary and will not be disturbed unless the record demonstrates a clear abuse of discretion. The district court is required to make a conscientious judgment that the alleged violation occurred after considering the reasons underlying the conditions of probation, the violation of those conditions, and the reasons leading to the violation. *Moehr v. State,* 13 P.3d 1114, 1116 (Wyo.2000); *Johnson v. State,* 6 P.3d 1261, 1263 (Wyo. 2000). Judicial discretion is a composite of many things, among which are conclusions drawn from objective criteria; it means a sound judgment exercised with regard to what is right under the circumstances and without doing so arbitrarily or capriciously. *Vaughn v. State,* 962 P.2d 149, 151 (Wyo. 1998). The district court's determination that the probation agreement has been violated "must be based upon verified facts and must be made pursuant to due process protections[.]" *Counts v. State,* 899 P.2d 1341, 1343–44 (Wyo.1995) (*quoting Gailey v. State,* 882 P.2d 888, 891 (Wyo.1994)).

In addition, we have also expressed a general agreement with the proposition that in order to revoke probation for the violation of a condition of probation not involving the payment of money, the violation must be willful, or, if not willful, must presently threaten the safety of society. *Kupec v. State,* 835 P.2d 359, 362 (Wyo. 1992); and see *Johnson,* 6 P.3d at 1263. We have also held that notice to a probationer of the grounds for revocation is fundamental and that failure of notice is a defect affecting a substantial right and may be prejudicial to the probationer's cause. *Shaw v. State,* 998 P.2d 965, 967–8 (Wyo.2000).

*Anderson v. State,* 2002 WY 46, ¶¶ 24–26, 43 P.3d 108, 118 (Wyo.2002) (footnotes omitted).

## DISCUSSION

[¶ 10] The Appellant's first issue is not so much a question as to who bears the burden of proof at a probation revocation hearing, as it is an allegation that the district court improperly allocated that burden to him. He points in particular to two statements made by the court in its summation at the end of the hearing to the effect that nothing had been shown to indicate any reason or excuse for the violations. We do not read these statements as does the Appellant; rather, we read them as comments about the evidence then before it, not as comments about the burden of proof. The district court's full statement shows that it recognized and applied the correct burden of proof:

The Court would find that the violations in paragraphs 1, 2, and 3 of the affidavit and the singular paragraph in the addendum have been established by a preponderance of the evidence presented, that the State has met its burden. It appears to me that the initial Judgment and Sentence in this case clearly mandated that anger management class be undertaken, and we had a very specific direction from Ms. Miner that he start the week of May 5th, I believe it was of this year; and he did not attend class at that time. He did not start up and make efforts to complete that.

And I would have to speculate that his reasons for not doing that were not a willful violation. There's been nothing shown to indicate any excuse whatsoever. And you would think that since that was raised with him just the week before that if there was some problem with him starting the program, attending, or completing the program, that would have been raised with the probation agent.

Additionally, the failure to advise of the address and residence I think has been clearly established. And to try to say whether he willfully decided to not comply with that Probation and Parole requirement is a concern because he is the one that made the decision to apparently not

be at the residence that he reported to later be in Glenrock, Wyoming, without the permission of his probation agent. And it's impossible for the agent to supervise, to know where his whereabouts were or the reasons for that whereabouts when there's that type of noncompliance.

The same rationale would apply to the missed office appointments. It appears that there were at least two specifically scheduled appointments that were missed, and there's been no showing of any reason or excuse. There was an indication in I think one of the phone calls that he was delayed by other matters, but that is no sufficient showing of why he didn't make scheduled office visits.

And finally, with his not making contact and communicating with his agent since a telephone message on or about May 12th, it becomes impossible for Probation and Parole to supervise, to know the whereabouts, to know what's going on, to monitor all of the other conditions and requirements of probation.

So with those comments, the Court would find that the State has met its burden in this matter, and I would adjudicate those four violations of probation.

[¶ 11] The second issue, intertwined with the first, is whether the State proved that the Appellant willfully violated his probationary terms. The district court's summation clearly shows that the judge inferred from the evidence presented that the violations were willful. We have previously held that such an inference is appropriate where the evidence warrants. *Kupec v. State*, 835 P.2d 359, 363 (Wyo.1992). We have carefully examined the record in this case, paying particular attention to the evidence adduced at the revocation hearing, and we conclude that the district court did not abuse its discretion in finding the probation violations to have been willful. The sequence of events, in full context, easily supports a conclusion that the Appellant's actions and inactions were willful. Furthermore, given the district court's denial of the first petition on the ground that willfulness had not been proven, it is clear that the district court treated willfulness as an element that required proof.

## CONCLUSION

[¶ 12] The district court properly imposed upon the State the burden of proof at the hearing to revoke the Appellant's probation, and the district court did not abuse its discretion in concluding that the State had met that burden.

[¶ 13] Affirmed.