2008 WY 142

**Bryan Paul SHARP, Appellant (Defendant),**

v.

**The STATE of Wyoming, Appellee (Plaintiff).**

**No. S–08–0064.**

Supreme Court of Wyoming.

Dec. 5, 2008.

Representing Appellant: Diane M. Lozano, Wyoming State Public Defender; Tina N. Kerin, Appellate Counsel; and Kirk A. Morgan, Senior Assistant Appellate Counsel.

Representing Appellee: Bruce A. Salzburg, Wyoming Attorney General; Terry L. Armitage, Deputy Attorney General; D. Michael Pauling, Senior Assistant Attorney General; and Graham M. Smith, Assistant Attorney General.

Before VOIGT, C.J., and GOLDEN, HILL, KITE, and BURKE, JJ.

HILL, Justice.

[¶ 1] Appellant, Bryan Paul Sharp (Sharp), seeks review of an order of the district court that revoked his probation. Sharp contends that the State did not prove by a preponderance of the evidence that he willfully violated the terms of his probation. He also asserts that the district court's revocation order included an assessment of costs for medical expenses, incurred by Sharp while being held in jail pending revocation of his probation, which were not authorized by law (and thus, an illegal sentence). Finally, Sharp contends that the district court cited the incorrect statute in both the original sentence and in the revocation order. We will affirm the order revoking probation, but we reverse the revocation order insofar as it included an unlawful imposition of costs. Furthermore, we will remand this matter to the district court to strike the imposition of costs recited in paragraph 4 of that order and to correct the clerical error which appears in both the original sentence and in the order revoking probation.

## ISSUES

[¶ 2]   Sharp describes these issues:

I.   Whether the district court erred in concluding that the State proved, by a preponderance of the evidence, that Mr. Sharp willfully violated the terms and conditions of his probation?

II.   Is [Sharp's] sentence illegal because the trial court imposed fees for medical expenses which are not authorized by law; and, because of a clerical error, [Sharp]

was sentenced under the incorrect subsection?

The State rephrases them as follows:

I. Did the district court err in concluding that the State proved, by a preponderance of the evidence, that [Sharp] willfully violated the terms and conditions of his probation?

II. Was the district court's order requiring [Sharp] to pay certain of his medical expenses unauthorized by law, thereby creating an illegal sentence?

The State concedes that both the original sentence and the revocation order contains a clerical error and agrees that the error should be corrected.

### FACTS AND PROCEEDINGS

[¶ 3] The proceedings in this case have become somewhat convoluted because of Sharp's erratic behavior. The record contains several psychological and psychiatric examinations of Sharp. Those documents serve, in part, to explain why the record is in the state that it is in.

[¶ 4] By information filed of record on July 17, 2006, Sharp was charged with: (1) aggravated assault and battery, Wyo. Stat. Ann. § 6–2–502(a)(iv) (LexisNexis 2005) ("Intentionally, knowingly or recklessly causes bodily injury to a woman whom he knows is pregnant.")[1]; and (2) battery against a household member, Wyo. Stat. Ann. § 6–2–501(b) and (f) (third or subsequent offense) (see Wyo. Stat. Ann. § 35–21–102(a)(iv) (LexisNexis 2005)). A third charge of possession of a controlled substance was also pending in the circuit court.

[¶ 5] At his arraignment, Sharp entered pleas of guilty to the two felony charges in accordance with a written plea agreement with the State (although a copy of that plea agreement is not included in the record on appeal). The district court entered a judgment in accordance with those guilty pleas on November 1, 2006. On December 21, 2006, the district court sentenced Sharp to three to ten years for the aggravated assault and battery, and three to five years for third offense battery on a household member.

The sentences were to run concurrently. However, the district court suspended those sentences in favor of a split sentence of 365 days in the Crook County Detention Facility (with credit for time served of 145 days), followed by ten years of supervised probation. The sentence further provided that if Sharp could obtain a bed date at an approved, inpatient drug/alcohol treatment facility, he could apply for a furlough to leave jail and enter that facility. The district court specified a lengthy list of probation terms.

[¶ 6] In January of 2007, Sharp requested, and was given, a furlough to attend the birth of his child in South Dakota.

[¶ 7] On March 19, 2007, Sharp sent a request to the district judge asking that his sentence "... be modified to a straight 3–10. I cannot comply with the terms and conditions of my probation. Permission to have Rawlins pick me up as soon as it is possible for me to kill my number at the state correctional facility. I have no desire to deal with probation or parole." In accordance with Sharp's request, the district court revoked his probation by order entered of record on March 22, 2007.

[¶ 8] Sharp had a change of heart and begged the district court to reinstate his probation. In an order entered on April 27, 2007 (but signed on April 16, 2007), the district court declined to reconsider Sharp's sentence, but agreed that the sentence would be reconsidered if Sharp obtained a bed at Southwest Counseling Services (SCS) in Rock Springs. Eventually that result was achieved and Sharp began treatment at SCS on April 24, 2007.

[¶ 9] On July 26, 2007, a petition for hearing to revoke Sharp's probation was filed in the district court by the Crook County Attorney. That petition alleged that Sharp had left SCS against staff advice on July 25, 2007, without completing that program (a requirement of his probation), and because he had refused to take his prescribed medication on July 25, 2007 (also a requirement of his probation). A criminal warrant was issued and Sharp was arrested and placed in the Crook County Detention Facility on August 2, 2007.

---

1. The original sentence and the revocation order recite Wyo. Stat. Ann. § 6–2–502(a)(iii).

The proceedings were suspended for a time in order for a court-ordered evaluation to be completed at the Wyoming State Hospital. Sharp was returned to Crook County on October 1, 2007. He waived a speedy revocation hearing, and the revocation hearing was held on December 20, 2007. At the conclusion of that hearing, the district court found that Sharp had willfully violated the terms of his probation and revoked that probation. He was placed in the Crook County Detention Facility until a bed became available for him at a program in Sheridan called WYSTAR (inpatient drug/alcohol treatment). An order to that effect was entered on January 25, 2008. Sharp filed his notice of appeal on February 6, 2008.

## DISCUSSION

### Standard of Review

[¶ 10] The applicable standard of review is ably summarized in *Messer v. State*, 2006 WY 141, ¶ 9, 145 P.3d 457, 459–60 (Wyo. 2006):

Revocation of probation is largely governed by court rule. W.R.Cr.P. 39. The State is required to establish the violation of the conditions of probation alleged in the petition by a preponderance of the evidence. W.R.Cr.P. 39(a)(5). The probationer has the right to appear in person and by counsel and to confront and examine adverse witnesses, and the rules of evidence apply to the adjudicative phase. W.R.Cr.P. 39(a)(5)(A) and (B); also see W.R.E 1101(a)(3).

A district court's decision to revoke probation is discretionary and will not be disturbed unless the record demonstrates a clear abuse of discretion. The district court is required to make a conscientious judgment that the alleged violation occurred after considering the reasons underlying the conditions of probation, the violation of those conditions, and the reasons leading to the violation. *Moehr v. State*, 13 P.3d 1114, 1116 (Wyo.2000); *Johnson v. State*, 6 P.3d 1261, 1263 (Wyo. 2000). Judicial discretion is a composite of many things, among which are conclusions drawn from objective criteria; it means a sound judgment exercised with regard to

what is right under the circumstances and without doing so arbitrarily or capriciously. *Vaughn v. State*, 962 P.2d 149, 151 (Wyo. 1998). The district court's determination that the probation agreement has been violated "must be based upon verified facts and must be made pursuant to due process protections[.]" *Counts v. State*, 899 P.2d 1341, 1343–44 (Wyo.1995) (quoting *Gailey v. State*, 882 P.2d 888, 891 (Wyo.1994)).

In addition, we have also expressed a general agreement with the proposition that in order to revoke probation for the violation of a condition of probation not involving the payment of money, the violation must be willful, or, if not willful, must presently threaten the safety of society. *Kupec v. State*, 835 P.2d 359, 362 (Wyo. 1992); and see *Johnson*, 6 P.3d at 1263. We have also held that notice to a probationer of the grounds for revocation is fundamental and that failure of notice is a defect affecting a substantial right and may be prejudicial to the probationer's cause. *Shaw v. State*, 998 P.2d 965, 967–8 (Wyo.2000).

*Anderson v. State*, 2002 WY 46, ¶¶ 24–26, 43 P.3d 108, 118 (Wyo.2002) (footnotes omitted).

[¶ 11] Sharp contends that it is possible that a defendant's mental illness could render his violation of the terms of his probation not willful. We have no doubt of that proposition. However, it is of only minimal utility here. Sharp contends that he suffered from mental and emotional problems and, as a consequence, he did not act of his own free will or that he was not competent when, on July 25, 2007, he left SCS, and when he refused to take his medication on that same date. Furthermore, Sharp asserts that his ability to act willfully was overborne by the distress he felt because he had been refused a furlough to attend his daughter's funeral. The district court had available to it the testimony given at the revocation hearing, including that of Sharp himself, as well as several psychological/psychiatric evaluations of Sharp that were based on recent observation and testing. The thrust of Sharp's testimony was that he was not being given the right kind of treatment and that he had been denied a furlough to attend the funeral

of his daughter, and so he refused his medication and then left the SCS program without having successfully completed it. In these factual materials we find an abundance of evidence that supports the district court's conclusions, and only a trifle of testimony from Sharp himself that would support a finding that he did not act willfully. Indeed, throughout these proceedings Sharp displayed a penchant for acting impetuously and willfully whenever he found himself in circumstances that were not to his liking. We can only conclude that the district court did not abuse its discretion in revoking Sharp's probation and that its findings are supported by a preponderance of the evidence.

[¶ 12] In passing, we will note that the State asserts that we should deem this question moot because, although Sharp's probation was revoked, he was immediately placed on probation again and then enrolled in a new treatment program that was more to his liking. We decline to give that assertion much consideration here because we agree, in a general way, with Sharp's rejoinder that, once having had his probation revoked, he was burdened with that as a part of his criminal record, and it might well affect the future possibility of probation should he run afoul of the law again.

**Improper Imposition of Medical Expenses as a Part of the Revocation Order**

[¶ 13] A sentence in excess of that authorized by the legislature is illegal and is a matter that we review de novo. *Wease v. State,* 2007 WY 176, ¶ 43, 170 P.3d 94, 107 (Wyo.2007); *Sarr v. State,* 2007WY 140, ¶ 9, 166 P.3d 891, 894–95 (Wyo.2007).

[¶ 14] The costs at issue total $499.25. The evidence to support these "costs" is insubstantial and informal. The record does not include any mention of the source of authority for imposing these costs on Sharp. The State's principal answer to this contention is that the sentencing court has the authority to impose such costs on nonindigent prisoners. Wyo. Stat. Ann. § 18–6–303(f) (LexisNexis 2007). However, the record on appeal will support only a conclusion that Sharp was indigent. Both Wyo. Stat. Ann. §§ 7–13–107(e) and 7–13–411(e) suggest that the Department of Corrections is responsible for such expenses. Because the record is so unclear on this matter, we decline to discuss it in more detail. From the record extant, we cannot find a basis in law or fact for imposing those costs on Sharp and, hence, they constitute an illegal sentence as contemplated by our applicable precedents.

**Clerical Error in Sentence**

[¶ 15] The parties agree that the district court erroneously recited § 6–2–502(a)(iii), rather than the correct statutory citation, § 6–2–502(a)(iv), in both the original sentence and in the order revoking probation, and that those clerical errors should be corrected.

**CONCLUSION**

[¶ 16] The order revoking Sharp's probation is affirmed in part. That portion of the order which imposes costs to be paid by Sharp to Crook County is reversed. We remand this matter to the district court to amend the revocation order accordingly and to correct the clerical errors identified above as they appear in both the original judgment and in the order revoking probation.